EDGE MOOR IRON COMPANY, a corporation existing under the laws of the State of Delaware, defendant below, plaintiff in error, *vs.* THE BROWN HOISTING MACHINE COMPANY, a corporation, etc., plaintiff below, defendant in error.

*Supreme Court—Writ of Error—Case—Action for price of Machine—Breach of Warranty—Injury to Defendant's Servant—Damages paid by Defendant—Recoupment thereof; When available as defense.*

1. In an action brought to recover the price of a machine sold to the defendant with a warranty, the defendant cannot avail himself of a breach of the warranty as a defense, by way of recoupment, for damages which he paid to the widow of a deceased servant whose death was caused by the failure of the machine to perform the service it was warranted to do.

2. The doctrine of recoupment has attained a wider and more extended application in this country than in England. American Courts have allowed the defendant to recoup damages not only for the purpose of affecting the value of goods sold or of work done, but also damages suffered by him from any fraud, breach of warranty, or negligence of the plaintiff, growing out of and relating to the transaction in question for the purpose of avoiding needless delay and litigation.

3. When the character of the defendant's defense involves, among other things, its liability to the widow of a deceased servant, and there is in his claim for special damages the element of fault or negligence on its part, it is not practicable to adjust the defendant's claim in the plaintiff's action. Such damages, if recoverable at all, must be recovered in a separate action.

(*January* 16, 1906.)

NICHOLSON, CH., and PENNEWILL and BOYCE, J. J., sitting.

*William S. Hilles* for plaintiff in error.

*Saulsbury, Ponder* and *Curtis* for defendant in error.

Supreme Court, June Term, 1905.

WRIT OF ERROR to the Superior Court for New Castle County.

BOYCE, J., delivering the opinion of the Court:

The plaintiff brought an action of assumpsit against the defendant to recover an alleged balance due on the price of a ten-ton travelling crane, sold to the defendant, as averred, with

a warranty, together with certain other items set forth in the bill of particulars filed. The defendant sought to avail itself of breach of warranty as a defense, by way of recoupment. The plaintiff filed a general demurrer to the notice of recoupment. The Court below sustained the demurrer as against the claim of the defendant for special damages, set up in the notice of recoupment. The defendant elected to take a final judgment. And the case comes before this Court on a writ of error, sued out by the defendant. Briefly stated, the defendant claims that the crane, having been put in use by it, at its yards, with one of its servants on it for the purpose of operating it, upset by reason of the failure to perform the service which it had been warranted to do and killed the servant. And the defendant avers that it was forced to and did pay to the widow of the deceased servant (without suit or consent of the plaintiff) the sum of $2,734.90 as damages, and also paid other items for repairs, etc., of the crane.

The chief question raised by the assignment of errors and the only one which we will now consider is whether the facts set forth in the notice of recoupment respecting the special damages alleged to have been paid by the defendant to the widow of the deceased servant, entitled the defendant to set up such special damages by way of recoupment, in reduction of the claim sued upon by the plaintiff.

That part of the notice of recoupment which was not allowed, is as follows:

"The defendant further gives notice that it will at the trial of the above entitled cause prove, by way of recoupment, as follows:

"That the said crane, mentioned in the declaration, was purchased by the defendant from the plaintiff, the manufacturer thereof, under an express contract; that in and by the said contract it was provided, among other things, that the said crane on a track four feet eight and one-half inches gauge would have power,. strength and stability to safely handle the following loads at the given radii, and would swing these loads through a

full circle without clamping the crane to the track, and would move the same along tracks with boom in any position, to wit:—

At 8–14 feet radius...................... 20,000 ℔s.
At 20 feet radius....................... 13,800 ℔s.
At 26½ feet radius...................... 9,500 ℔s.

"And that the said crane, under its own steam, would have the functions of hoisting, rotating, and track travel, which might be utilized simultaneously, with full load within the limits of stability noted above at the following speeds:

Hoisting, full load, 42½ feet per minute.

Rotating, full load, four complete turns per minute.

"That the said defendant, relying upon the said agreement and guaranty of the said plaintiff, purchased the said crane and put the same in use at its yards at Edge Moor in New Castle County, Delaware, to wit, on or about the first day of September, nineteen hundred and three;

"That at the time aforesaid, and place aforesaid, the said defendant, relying upon the representations and warranty contained in the said contract with the said plaintiff, told one Horace O'Day, who was then and there a servant in the employ of the said Company, to get upon the said crane for the purpose of operating it; that the said Horace O'Day was unskilled and unfamiliar with the said crane and its workings, but under the belief and reliance of this defendant upon the warranty aforesaid, he was told to operate the said crane, and while operating it, with due care on his part, within the radii, weight and speed provided in the said contract and warranty, to wit, with the weight of about 10,800 pounds, with a boom radius of about 20 feet, and at a speed of less than four rotations per minute, and while the same was being operated upon a track of four feet, eight and one-half inches, gauge, on practically level ground, the said crane upset, thereby killing the said Horace O'Day, who was then and there in the employ of the said defendant as aforesaid; that the said crane upset and the death of the said Horace O'Day was caused by and due to the fact that the said crane would not as aforesaid, comply and come up to the war-

EDGE MOOR I. CO. vs BROWN etc. CO.       13

OPINION.

ranty contained in the said agreement between this defendant and the said plaintiff.

"That by reason of the premises, the said defendant then and there became liable to pay, and was forced to and did pay to ——— O'Day, widow of the said Horace O'Day, the sum of two thousand seven hundred and thirty-four dollars and ninety cents as damages for the death of the said Horace O'Day caused as aforesaid," etc.

The doctrine of recoupment was recoginzed and allowed at common law, and was and is applied to actions whether founded in contract or in tort, but it is limited as a defence to defeating the plaintiff's action, in whole, or in part. The doctrine is recognized by the Courts of this State.

*Tomlinson & Co. vs. Quigley*, 5 *Houst.* 168; *Shimp vs. Seidel and Hastings Co.*, 6 *Houst.* 421, and other cases.

Recoupment rests on the principle of the desirability of avoiding circuity and multiplicity of actions by allowing the defendant, at his election, to give in evidence matters growing out of the same transaction by way of defense instead of requiring a cross action, when it can be done without a violation of principle or great inconvenience in practice; but while it is the policy of our law not to compel parties to bring two actions when with equal convenience their rights can be settled in one, the defendant may not set up his claim by way of recoupment unless it would be just and practicable to adjust it in the plaintiff's action.

*Door vs. Fisher*, 1 *Cush.* 271; *Sawyer vs. Wiswell*, 9 *Allen* 39; *Dushane vs. Benedict*, 20 *U. S.* 630; *Johnson vs. White Mountain Creamery Ass'n*, 68 *N. H.* 437; 1 *Suth. on Damages*, *Secs.* 172, 174.

The claim or damage to be recouped must be a valid cause of action for which a separate suit could be maintained and must not have occurred through the fault or negligence of the defendant.

1 *Suth. on Dam.*, *Sec.* 174.

Whenever the defendant is permitted to submit his claim for damages as a subject of recoupment, he assumes the burden

of proof in respect to it, and no recovery can be had for any balance or excess. And the defendant will be barred from any other suit or recoupment for such balance or excess over the plaintiff's claim.

1 *Suth.* on *Dam. Sec.* 172.

As developed and permitted by the American Courts, recoupment has attained a wider and more extended application than in England. Very generally, at least, if not altogether, the Courts of this country have not restricted its application to cases where the defendant may recoup his damages for the purpose of affecting the value of the goods sold, or of the work done, but they have allowed the defendant to recoup damages suffered by him from any fraud, breach of warranty, or negligence of the plaintiff, growing out of and relating to the transaction in question, for the purpose, as we have already indicated of avoiding needless delay and litigation.

*Dushane vs. Benedict supra; Harrington vs. Stratton,* 22 *Pick.* 510; 1 *Suth. on Dam. Secs.* 179, 180.

It will thus be seen that a defendant is now, under the expansion of the doctrine of recoupment, permitted to allege and prove by way of defense to the plaintiff's action that which was formerly only the subject of a cross or independent action.

The defendant's claim in this action IS BASED on the assumed liability of the maker of the crane for the personal injuries and death af the defendant's servant while in the act of operating the crane. This presents a most interesting question, and one of first impression in this State. It has arisen and has been adjudicated in other jurisdictions—some in support of, and others against such liability. But we have had no case cited to us, and we have found none, where the defendant, in the action, has sought to avail himself of special damages, such as have been set up in this case, by way of recoupment. Without intending to indicate any opinion as to the liability of a vendor for personal injuries to third persons—the vendee's servants—we will proceed to determine whether in the judgment of the Court recoupment should be permitted in this case. Whether from the char-

EDGE MOOR I. CO. vs BROWN etc. CO.     15

OPINION.

acter of the defendant's defense, involving as it does, among other things, its liability to the widow of the deceased servant, it is practicable to adjust the defendant's claim in the plaintiff's action. There is in the defendant's claim for special damages the element of fault or negligence on its part. And while damages, arising from negligence, where care, activity and diligence are required, may be recouped, and very properly so, in the plaintiff's action for the price of a machine, we think it will be carrying the principle of recoupment beyond any application heretofore allowed, if permitted in this case. The claim of the widow of the deceased servant necessarily rested upon the negligence of the defendant. And whether the defendant was, or was not, liable for the death of its servant, we do not think, upon principle or convenience in practice, that such a question should be investigated in the plaintiff's action under a notice of recoupment. And we hold that damages in such a case, if re coverable at all, which we do not now determine, must be recovered in a separate action.

The judgment of the Court below is affirmed.