STATE *v.* ARKANSAS BRICK & MANUFACTURING COMPANY.

Opinion delivered March 6, 1911.

1. STATE—ACTION BY—DEFENSES.—The defendant in a suit by the State is entitled to avail himself of any defenses that he may have, except the statute of limitations, and, in a suit upon contract, may recoup any damages sustained by reason of the State having violated her contract. (Page 128.)

2. RECOUPMENT AND COUNTERCLAIM—HOW DISTINGUISHED.—A recoupment was allowed at common law, while a counterclaim was not; in the former the defendant loses the excess over the plaintiff's demand, while in the latter he recovers such excess; the former exists as long as the plaintiff's cause of action exists, while the latter must be a cause of action which could be enforced in a separate action, and therefore must not be barred by limitation. (Page 128.)

3. STATE—CONTRACT FOR HIRE OF CONVICTS—RECOUPMENT.—The State agreed to furnish the defendant 300 able-bodied convicts per day for ten years, but failed to furnish that number during the period of the contract; after expiration of this period the State furnished a number of convicts, without any new contract with defendant. In a suit by the State to recover for the labor of such convicts, *held* that defendant was entitled to recoup damages for the State's failure to comply with her contract against the State's claim for services of the convicts, both during the period of the contract and thereafter. (Page 129.)

4. STATUTES—ADOPTED CONSTRUCTION.—Where a State adopts a statute of another State, it will be held to have adopted previous constructions of such law by the latter State. (Page 130.)

5. STATE—POWER OF AUDITOR TO AUDIT CLAIMS.—Kirby's Digest, § 3404, authorizing the Auditor of State to audit claims against the State, does not authorize him to audit a claim for unliquidated damages. (Page 130.)

Appeal from Pulaski Chancery Court; *John E. Martineau,* Chancellor; affirmed.

STATEMENT BY THE COURT.

This action was instituted by the State to recover from the defendant $17,726.55, claimed to be due from the defendant for convict labor.

On the 31st day of July, 1899, the State entered into a contract with the defendant, by which it agreed, for a term of ten years, beginning January 1, 1900, to furnish the defendant three hundred able-bodied men per day on demand. For this labor the defendant undertook to pay 50 cents per day for each convict. After the expiration of the ten years, a number of convicts were allowed to remain with the defendant for a short time, and the complaint states that, of the amount sued for, $12,898.65 was for a balance due for convicts furnished during the life of the contract, and $4,827.90 for such as were furnished after the expiration of the ten years mentioned in the contract. The charge by the State for the first of these items was at the contract price of fifty cents per day, but for the second item the charge was for the reasonable value of the services of the convicts.

The answer admits that after the 1st day of January, 1909, the date of the expiration of the contract, the labor of certain convicts was furnished to the defendant by the plaintiff; and the answer alleges that this labor was furnished under and pursuant to the contract, or as contended on the trial to make up in part for the failure to furnish the full number. The answer also denies the indebtedness, and by a counterclaim sets up damages sustained by reason of the failure of the State to furnish three hundred convicts per day. The damages claimed by the defendant in the counterclaim exceed the amount claimed by the State in the original complaint.

During the ten years, and until the last month or two before the expiration of the contract, the defendant paid the State each month what it owed for the convicts furnished. It is also shown that during the ten years the defendant, from time to time, demanded that the State should perform its undertaking and furnish convicts to the number of three hundred per day.

*Hal L. Norwood,* Attorney General, and *J. H. Harrod, F. T. Vaughan* and *George Vaughan,* for appellant.

The matter set up in defendant's answer does not constitute a cause of action. Kirby's Dig. § 6098; 30 Ark. 50; 71 Ark. 408. The defense set up is a counterclaim. 52 Ark. 117; 56 Ark. 450; 60 Ark. 151. And the State cannot be sued. 57 Ark. 474; 32 Ark. 45; 56 Ark. 365.

*Coleman & Lewis,* for appellee.

The suit should have been dismissed. Kirby's Dig., § 7779; 84 Ark. 537; 136 Fed. 232; 85 Pac. 417; 57 Tex. 314; 56 Tex. 493. When a contract is broken by both parties thereto, the damages sustained by one may be recouped in an action brought thereon by the other. 8 Mich. 349; 3 Mich. 382; 20 So. 514; 17 Ark. 245; 22 Ark. 248; 40 Ark. 78; 68 Am. D. 561; 46 Vt. 200; 14 Am. Rep. 620; 12 Ark. 702. The defense may be maintained in this suit. Kirby's Dig. § § 7784, 6101, 6231, 6245, 4682, 6109; 16 Ark. 97; 66 Ark. 93. The defense is not a suit against the State. 9 Bush 716; 54 Miss. 562; 10 Am. St. 715; 106 Ind. 463; 81 Ky. 572; 18 Ga. 658; 45 Ark. 88; 52 Ark. 157.

NORTON, SPECIAL JUDGE, (after stating the facts). It is not contended on the part of the State that it performed its agreement to furnish the three hundred convicts, but it is insisted for the State that by defendant's course of dealing—settling monthly for such number of convicts as it had—the defendant waived its right to full compliance by the State. It is also contended for the State that a cross demand of counterclaim or recoupment cannot be made against the State, as that would, in a sense, be permitting the State to be made a defendant; and it is further contended in behalf of the State that, even if counterclaim or recoupment can be allowed at all in this case, it must be confined to so much of the cause of action as is due for labor furnished under the contract, and that labor furnished after the expiration of the contract is not sufficiently connected with the plaintiff's cause of action to be made subject to the cross demand of counterclaim or recoupment.

The contention on the part of the State that defendant waived its right to the full number of men mentioned in the contract, we do not find supported by the testimony. While the defendant, with the exceptions mentioned, paid monthly for such convicts as were furnished, it is, on the other hand, proved that it at all times demanded the full number of men from the State. In this respect, as in others, the findings of fact by the chancellor are well supported by the testimony.

The findings of fact by the chancellor include the failure of the State to furnish the convicts as agreed, and a damage sus-

tained by the defendant in a sum in excess of the amount claimed by the State.

With the facts in this way determined, the remaining question is one of applying law.

That a counterclaim could not be maintained against the State for any balance the defendant might be entitled to over and above the amount of the State's claim is conceded. But counsel for the State go further and contend that even to allow recoupment to the amount of the State's claim is equally prohibited.

The right of the State to be held exempt from the recovery of judgments against it is no clearer than the right of a defendant, in a suit by the State, to avail himself of all and every character of defensive pleas, except limitation. (*State* v. *Morgan,* 52 Ark. 150.) He cannot by a cross action have an affirmative judgment against the State for any excess he may be entitled to over and above the State's claim; but this is the extent of his disadvantage from having dealt with the sovereign.

The law of recoupment requires some consideration, and a distinguishing of it from the idea usually conveyed by the word counterclaim. Counterclaim and recoupment are alike in the sense that each must grow out of, or be connected with, the transaction upon which the plaintiff sues. Recoupment was allowed at common law (*Desha* v. *Robinson,* 17 Ark. 245), but a counterclaim was not. Recoupment was considered a defense, and, prior to the adoption of the Code, if the defendant's cross demand against the plaintiff exceeded the plaintiff's demand, the defendant could use his demand in recoupment only by sustaining a loss of the excess. Hence, prior to the Code, the defendant could recover on his cross demand, to the full extent, only by an independent action. The Code, to prevent a multiplicity of suits, provided for the counterclaim, and that the defendant might recover on it, in the same suit, any balance that the plaintiff owed him over and above the plaintiff's demand. The counterclaim thus became an affirmative cross action, which ordinarily will cover all purposes of recoupment, but not always. A right left to the defendant to be worked out through the doctrine of recoupment, which could not be had through a counterclaim, is to use defensively a cause of action which as a counterclaim would be

barred by lapse of time. A counterclaim must be an existing cause of action, but recoupment is a right to reduce the plaintiff's claim, and this right exists as long as the plaintiff's cause of action exists. A breach by the plaintiff, though barred as an independent cause of action, continues to exist for defensive purposes available to the defendant, so long as the plaintiff may sue upon any breach by defendant. *Williams* v. *Neely,* 134 Fed. 1; *Beecher* v. *Baldwin,* 55 Conn. 419, 12 Atl. 401; *C. Aultman & Co.* v. *Torrey,* 55 Minn. 492, 57 N. W. 211; Wood on Limitations, § 282, (3 ed.); *Conner* v. *Smith,* 88 Ala. 300, 7 South. 150; *Soudan Planting Co.* v. *Stevenson,* 94 Ark. 599.

We refer to this right to use barred cross demands, not because the question is involved in this case, but to show the defensive character of the plea of recoupment, and that it is a common-law right which the Code makers could not have intended to abolish or in any wise impair. The whole spirit and plan of the Code was to liberalize the procedure and to extend, instead of curtailing, remedial rights.

If express warrant for recoupment in the letter of the Code should be contended for, it can well be found in the right to plead "new matter constituting a defense." Kirby's Digest, § 6098, 3 subdivision.

The question which has most concerned the court is whether or not there is sufficient connection between the two claims made by the State—one under the contract, the other for labor furnished after the date of its expiration—to make both subject to the defendant's plea of recoupment.

The testimony shows that the convicts were simply allowed to remain. It is not claimed that any new contract was made about them; and the defendant considered they were allowed to remain to make up some of the State's deficit in men furnished. The chancellor found that all the men furnished by the State were furnished under the contract.

A majority of the court are of the opinion that the State's claim for labor furnished after the expiration of the contract cannot be separated from what had gone before, in a way to limit the defendant's plea of recoupment, which was sufficiently "connected with the subject of the action." *Wyman* v. *Herard,* (Okla.) 59 Pac. 1009; *Tinsley* v. *Tinsley,* 15 B. Monroe, 454.

The case last cited comes with especial force, as it arose in Kentucky after her adoption of a Code which was subsequently adopted by Arkansas. When one State adopts the laws of another State, it is quite generally held that constructions of the adopted law go along with it. Without such aid, however, in this case, we would hold the law to be as here expressed.

The New York cases, to which our attention has been called, *People* v. *Denison,* 59 How. Prac. 157, and *People* v. *Denison,* 84 N. Y. 272, are to be distinguished from the case here. They deal with an affirmative judgment against the State on a counter-claim, and hold that it could not be allowed to stand. In the course of the opinions it can likely be gathered as the judgment of the court that, even for purely defensive purposes, a claim against the State could not be used unless first presented to the State Board of Audit. This was said, however, of a claim for work and materials furnished the State under contract. It is not likely that the State Board of Audit would have been held authorized to entertain a claim for unliquidated damages. In any event we are of the opinion that section 3404 of Kirby's Digest would not authorize the Auditor of the State of Arkansas to undertake the liquidation and settlement of a claim for damages. To illustrate: if in this case the brick company had exhibited its claim to the Auditor, and he had allowed it, his act would have been treated as idle.

We cannot hold that the right to recoup in this case was in any way affected by the failure of the brick company to first exhibit its claim to the Auditor of the State.

The decree of the lower court must be affirmed.

McCULLOCH, C. J., and FRAUENTHAL, J., concur in part of the judgment and dissent as to part.

McCULLOCH, C. J., (dissenting). This court held in the case of *McConnell* v. *Arkansas Brick & Manufacturing Co.,* 70 Ark. 568, that defendant's contract with the State was an enforceable one, and that decision is the law of this case with respect to defendant's rights under the contract—this though the McConnell case has since been overruled. (*Pitcock* v. *State,* 91 Ark. 527.)

I am of the opinion that the right of recoupment as a defense has not been abolished by the Code, and that it can be asserted in this case brought by the State to recover the amount due under

the contract. I reach that conclusion, however, on somewhat different reasons than that expressed in the opinion of the majority. The remedy of recoupment finds no express recognition in the Code, and one of the sections provides that "all statutes and laws heretofore in force in this State in any case provided for by the Code, and inconsistent with its provisions, are repealed and abrogated." (Section 7818, Kirby's Digest.) I have had grave doubts whether that section abolished the remedy of recoupment, but after some hesitation I have concluded that, as the Code was not designed to destroy rights or to alter principles of the law (Baylies, Code Pleading & Practice, p. 3), but only to formulate remedies, the provision in question should not be construed to repeal the law giving a remedy under circumstances where no other is provided under the Code. Recoupment is included in counterclaim, except that it is used only as a defense, but to that extent it is not provided for in the Code, and is not inconsistent therewith, so it is not abolished.

I concur with the majority, therefore, in holding that the decree should be affirmed so far as it concerns the State's claim for the price of convict labor furnished under the contract. I dissent from the view that defendant has a right to recoup against the claim for the price of labor furnished after the contract expired. Recoupment, like a counterclaim, must be a cause of action "arising out of the contract or transaction set forth in the complaint as the foundation of the plaintiff's claim or connected with the subject of the action." The contract with the State, the alleged violation of which forms the basis of defendant's claim for damages, expired and was at an end. The State's suit to recover for the price of labor used after that time was not based on that contract. Therefore the claim for damages did not arise out of the contract or transaction set forth in the complaint. The fact that the two transactions closely approximated in point of time does not make them the same transaction. They are as distinct as though they had been far removed in point of time. I think this view is fully sustained by decisions of this court. *Barry-Wehmiller Mach. Co.* v. *Thompson,* 83 Ark. 283, and cases therein cited.

The following decisions of the New York courts also fully

sustain that view.  *People* v. *Denison,* 59 How. Pr. 157; *People* v. *Denison,* 84 N. Y. 272.

The fact that the action is for the price of convict labor, the same as under the contract, does not make it "connected with the subject of the action," so as to allow recoupment.  On the whole, I am of the opinion that the State should recover the fair value of the labor of the convicts after the expiration of the contract.  Defendant received the benefit of the labor, and should be compelled to pay the State for it.  Under principles which I think are well settled, defendant should not be permitted to recoup, so as to extinguish this item of the State's claim, damage alleged to have been sustained by reason of the failure to furnish the requisite number of convicts specified in the contract.

It is clear that the defendant had no right to hold and continue to work the convicts under the contract after the specified date of expiration.  The fact that the board had failed to furnish the stipulated number of convicts did not serve to extend the period of the contract, for the contract was primarily one to provide for the convicts during a given period of time, and not merely to contract away the labor of the convicts like chattels or slaves. The specified period was therefore of the essence of the contract, and could not have been extended except by making a new contract in the manner provided by statute.

FRAUENTHAL, J., concurs.