## WEBB v. AMERICAN SURETY CO. OF NEW YORK.

### No. 8155.

Circuit Court of Appeals, Fifth Circuit.

Feb. 16, 1937.

HUTCHESON, Circuit Judge, dissenting in part.

———◆———

B. T. Sauls, of St. Petersburg, Fla., for appellant.

H. C. Tillman and G. L. Reeves, both of Tampa, Fla., for appellee.

Before SIBLEY, HUTCHESON, and HOLMES, Circuit Judges.

HUTCHESON, Circuit Judge.

This suit was brought by the receiver of a failed national bank, by bill in equity to correct a preferential situation arising out of payments in liquidation of county funds on deposit with the bank when, on June 7, 1930, it closed. As the bill alleged it, this was the way the preference came about:

As security for the repayment of deposits of county funds, the bank had pledged municipal bonds of the principal value of $25,000, and, in addition, the appellee surety company had executed its bond for $25,000, payable to the depositor, W. V. Knott, state treasurer, as county treasurer ex officio of Pinellas county.

On April 9, 1931, the receiver issued his certificate of proof of claim, on the part of the treasurer, showing a deposit liability of $37,368.54. On May 9, a 15 per cent. dividend, amounting on the county's deposit to $5,605.28, was declared and paid to the treasurer on the certificate. On May 29 or June 14, the bill states it both ways,

the treasurer sold the pledged bonds for $13,000 and credited the amount on the deposit. Thus $18,532.14 in all was paid the treasurer on the deposit account. On July 8 the defendant, American Surety Company, paying the treasurer the $25,000 called for in its bond, took an assignment of the county's claim as evidenced by the certificate the receiver had issued, and received from the treasurer a check for $6,236.74, the amount, in excess of the deposit, that he had received from all sources, including the surety. Thereafter, on a date not pleaded, a second dividend of 10 per cent., $3,736.85, and on August 1, 1932, a third of 8 per cent., $2,989.48, was declared and paid to the surety company as assignee of the certificate and claim.

It was alleged that the pledging of the bonds to secure the county's deposit was an ultra vires act; that their sale and the appropriation by the treasurer of their proceeds, had resulted in an unlawful preference over the other depositors of $13,000; and that instead of setting off against or recouping this preferential payment with the three dividends aggregating substantially that amount which had accrued on the certificate, the receiver had paid them, one to the treasurer and two to the surety company. It was further alleged that the surety, as holder of the certificate and beneficiary of all the dividends, of the first indirectly, through the treasurer's payment to it, of the second and third by direct receipt, ought in conscience to be required to restore those sums thus wrongfully received, or at least, to have its right to future dividends stopped until those payments have been recouped.

The respondent moved on many grounds to dismiss the bill for want of equity. Among them, that the deposit, being of public funds, the pledge, if not valid when made, was made valid by the Enabling Act of June 25, 1930 (12 U.S.C.A. § 90); that plaintiff's action, if he has any, is not in equity, but at law, and against not this defendant, but the treasurer; and that his cause of action, if any against it, is barred by the statute of limitations.

The District Judge, without opinion or statement of his reasons, granted the motion to dismiss. By this appeal the receiver tests the correctness of the dismissal order.

■ As argued here, appellant concedes that the claim was properly filed, the certificate properly issued for the full amount of the deposit. He concedes, too, that if the suit should have been brought at law, rather than in equity, or if the right claimed was within the concurrent jurisdiction, that is, could optionally have been asserted by an action at law, or a suit in equity, the applicable state statute of limitations should be applied absolutely and not as it is where the action is purely equitable, only by analogy. Williams v. Neely (C.C. A.) 134 F. 1, 69 L.R.A. 232; McNair v. Burt (C.C.A.) 68 F.(2d) 814; United Light & Power Co. v. Grand Rapids Trust Co. (C.C.A.) 85 F.(2d) 331; Webb v. Powell et al. (C.C.A.) 87 F.(2d) 983. He insists, though, that the suit as he has brought it is within not the concurrent, but the sole jurisdiction of equity, since it seeks an accounting from the surety as to payments made on account of the certificate, its reformation, and a declaration of the receiver's right by way of recoupment, to withhold future dividends. He insists too that the facts he pleads show plainly that there has been no laches.

He argues further, that if the state statute of limitations is to be applied, the suit was founded on an instrument of writing, to wit, the receiver's certificate, as to which it sought relief by ways of reformation, accounting, and crediting, and not the three, but the five-year statute of Florida applies (Comp.Gen.Laws Fla.1927, § 4663, subd. 3).

■ Appellee insists that since it has been the rule in Florida for a long time that state banks are entitled to pledge their assets to secure state funds, the receiver should be held estopped in equity to claim the proceeds of the pledged bonds. It argues that City of Marion v. Sneeden, 291 U. S. 262, 54 S.Ct. 421, 78 L.Ed. 787, and Texas & P. R. Co. v. Pottorff, 291 U.S. 245, 54 S.Ct. 416, 78 L.Ed. 777, are not authority here, for the sale of pledged assets had not been consummated there before action was brought to recover them, or the proceeds of their sale. It urges citing Lewis v. Fidelity & Deposit Co. of Maryland, 292 U.S. 559, 54 S.Ct. 848, 78 L.Ed. 1425, 92 A.L.R. 794, that at least as to consummated transactions like this the Enabling Act of June 25, 1930 (12 U.S.C.A. § 90), authorizing national banks to secure deposits where state banks are authorized to do so, should operate to estop the receiver of the bank from recovering them. It argues, too, that if wrong in this contention, a suit to recover their proceeds lies only

against the treasurer who received them, and not against it, who received only dividends on a valid claim. It insists, finally, that the pleading, stripped of its formal equitable trappings, in substance, asserts merely a claim cognizable at law to recover moneys had and received. A claim not founded on an instrument of writing, and therefore barred by the Florida statute of limitations of three years (Comp.Gen. Laws Fla.1927, § 4663, subd. 5).

We cannot agree with appellee that the pledge of the bonds was valid when made, or that the Act of June 25, 1930, validated it. The Sneeden, Pottorff, and Lewis Cases have put at rest, at least as to banks which have failed before June 25, 1930, all questions of the power of a national bank to pledge assets as security for public deposits, and the right of the receiver of such a bank, despite the ultra vires pledge, to recover the securities or their proceeds. Cf. Ross v. Knott (C.C. A.) 87 F.(2d) 817.

■ We cannot agree with it either, that the surety which holds the certificate by assignment from the treasurer does not hold it subject to all defenses and deductions to which it would be subject in the treasurer's hands.

Before its assignment, the state treasurer had received $13,000 from the sale of the bonds which he had no right to retain as a security for his deposit, and he also received a dividend from the receiver of $5,605.28. These would be credits on or a recoupment against the indebtedness evidenced by the certificate if the treasurer had kept it. Since the certificate is nonnegotiable, and since the appellee knew of these payments, they are still available as defenses notwithstanding the assignment. As credits, no limitation or laches can bar them so long as the certificate is not barred.

It follows then that no dividends should have been paid, or in future should be paid on the certificate in its hands, during the continuance of the preferential situation created by the conversion of the pledged bonds, and that the receiver should withhold all future dividends until the preference has been recouped, without regard to whether he can maintain his suit to recover the dividend payments already made or whether it is in equity or at law, or is, or is not barred by limitation. Williams v. Neely, supra; Peterson v. Feyereisen, 203 Wis. 294, 234 N.W. 496, 73 A.L.R. 571, and note; Huggins v. Smith, 141 Ark. 87, 216 S.W. 1, 16 A.L.R. 323, and note.

■ It remains only to consider whether the receiver can in this suit recover from the surety company the preferential payments made to the treasurer and the surety, or whether, on its face, his suit to recover them is barred in whole or in part by state statutes of limitation.

When the allegations of the bill are considered as to the two dividends paid to the surety, it is quite clear that the motion to dismiss for limitation on the face of the bill should have been denied, for as to the second payment, the bill shows it was made within three years, the shortest period of limitation, while as to the first, the bill not stating the date of its receipt, it is equally clear that no ground appeared for dismissing it for limitation.

■ As to the amounts the surety received the benefit of through the check of the treasurer, the majority are of opinion that the receiver may not recover. It is their view that, the certificate issued to the state treasurer while not negotiable was by its terms assignable, and it was assigned to the appellee. When this payment is sought to be made not matter of defense but a basis of recovery, the receiver meets this difficulty; he paid to the state treasurer and not to appellee, and a recovery from the state treasurer is barred, the suit not being founded on an instrument of writing. Webb v. Powell (C. C.A.) 87 F.(2d) 983. A barred recoupment may defeat a claim but cannot be made the basis of a judgment for an excess. Fishburne v. Merchants' Bank, 42 Wash. 473, 85 P. 38, 7 Ann.Cas. 848, and note. The assignee took the certificate subject to this defense, but did not become liable for the obligations of the assignor; certainly not for an obligation now barred. It results that the appellee cannot have further dividends on the certificate until the credits under discussion have been equalized by dividends to others. The appellee may be made to pay back overpayments made to it which are not barred, but cannot be subjected to a judgment for what was overpaid to the state treasurer. The failed bank was no party to the surety bond which the appellee signed to the state treasurer. If the receiver could now recover from the state treasurer, he in turn might seek to reopen the settlement with the appellee, and to avoid a circuity of action equity might, with all parties be-

fore it, decree payment direct from the appellee to the receiver. This, however, is not the basis of the present suit. The treasurer is not a party, and the circuity of action is spoiled by the evident fact that the receiver cannot recover from the state treasurer because the claim against him is barred. The writer dissents from this view. It is the writer's view that the surety is liable in this suit not only for the two dividends which it directly received as dividends on the certificate after it had acquired it, but also to the extent of the $6,326.74 it received from the treasurer, for the balance of the preference. For not only did the receipt by the treasurer of the proceeds of the bonds and the first dividend operate to reduce by the amount the treasurer repaid the surety the total it had to pay on its bond, but the receipt of these amounts effecting a full discharge of the liability of the bank to the treasurer enabled the surety to that extent to claim an earlier subrogation. State of Mississippi v. First National Bank of Greenwood (C.C.A.) 66 F.(2d) 9; Jenkins v. National Surety Co., 277 U.S. 258, 48 S.Ct. 445, 72 L.Ed. 874.

I think it clear that the surety, by the receipt of the check and the assignment of the certificate, from the treasurer, and the receipt thereafter of the two dividends, has in equity obtained the benefit of the $13,000 wrongfully received by the treasurer and is liable in this suit not only for the dividend payments made directly to it, but for the amount of that made to the treasurer unless limitation has barred its suit. Whether it has, depends I think, upon a determination of whether as brought, the suit was really one in which equity was alone competent to give adequate relief.

In Webb v. Powell, 87 F.(2d) 983, we have held that an action by the same receiver for recovery back of moneys obtained from the conversion of securities held under an ultra vires pledge was, though brought by bill in equity, in substance but an action for moneys had and received within the concurrent jurisdiction; that as brought, it was not founded upon an instrument in writing, and the three-year statute of limitations should be applied.

I do not think that case rules this one. I think this suit is one essentially in equity, requiring the equitable application of the principles of recoupment and set-off, and the granting of equitable relief. Williams v. Neely, supra; Clarke v. Hot Springs

Electric Light & Power Co. (C.C.A.) 76 F.(2d) 918; Auten v. United States National Bank, 174 U.S.125, 19 S.Ct. 628, 43 L.Ed. 920; North Chicago Rolling Mill Co. v. Ore & Steel Co., 152 U.S. 596, 14 S. Ct. 710, 38 L.Ed. 565; Studley v. Boylston Bank, 229 U.S. 523, 33 S.Ct. 806, 57 L.Ed. 1313; Bromfield v. Trinidad Nat. Inv. Co. (C.C.A.) 36 F.(2d) 646, 71 A.L.R. 542; Gray v. School District (C.C.A.) 67 F.(2d) 141. In such a case statutes of limitations are applied by analogy as laches, but only where the facts make it inequitable not to do so. United Light & Power Co. v. Grand Rapids Trust Co., supra; Webb v. Powell, supra.

The decree appealed from is reversed, and the cause is remanded for further and not inconsistent proceedings.