## PENNSYLVANIA R. CO. v. MILLER.
### No. 9807.

Circuit Court of Appeals, Fifth Circuit.

Dec. 12, 1941.

Rehearing Denied Jan. 2, 1942.

---

HUTCHESON, Circuit Judge, dissenting.

Jesse F. Holt, of Sherman, Tex., for appellant.

A. F. Nossaman and Otis H. Woodrow, both of Sherman, Tex., for appellee.

Before HUTCHESON, HOLMES, and McCORD, Circuit Judges.

HOLMES, Circuit Judge.

This is a suit to collect unpaid freight charges arising from shipments of onions consigned over appellant's railways. The question for decision is the right of the consignor, more than two years and one day after his loss claims had been denied by the carrier, to assert by way of recoupment damage to the shipments caused by the negligence of the carrier. The case was tried to a jury, which returned a verdict in favor of the carrier in the amount of the unpaid freight charges, and found for the shipper in an equal amount as damages. This appeal is from the judgment entered on the verdict.

These were the established facts: Three cars of onions were delivered by the appellee to appellant's originating carriers for shipment, and bills of lading were issued and accepted thereon for the original shipment and for each diversion thereof. The original, connecting, and delivering carriers participating in the transportation had on file with the Interstate Commerce Commission tariffs promulgating freight rates, and the charges here involved were in accordance with those tariffs. The onions were damaged and in an unsalable condition when delivery was attempted, and the consignee refused to accept them. They were sold by the delivering carrier at a greatly reduced price, and the proceeds were applied to the payment of the freight charges. The balance remaining due on the freight charges is the subject matter of this suit. Appellee filed written claims for loss occurring by reason of the damage to the consignments, all of which were disallowed by the carrier prior to May 21, 1936. This suit was filed June 10, 1938.

Appellant contends that the recovery of damages by recoupment should not have been allowed, because the provisions of the bills of lading covering the shipments destroyed the carrier's liability for such damages after two years and one day from the denial of the loss claims, and for the further reason that the claim for damages was barred by the two-year-and-one-day limitation provision of the bills of lading. The portion of the bills of lading relied upon required suits on such claims to be instituted against the carrier within two years and one day after notice in writing of the disallowance of the claim was given, and "where suits are not instituted thereon in accordance with" these provisions, "no carrier hereunder shall be liable, and such claims shall not be paid."

The crux of this case lies in the distinction between an affirmative action for relief and a defense interposed in reduction or extinguishment of plaintiff's cause of action. The cited portion of the bill of lading is a limitation upon the time within which suits to enforce the recovery of claims may be instituted, and limits the period of existence of an action for recovery against the carrier, but is not a limitation upon a defense by way of recoupment. Appellee's answer set up the loss suffered by reason of the negligence of the carrier, but he sought no damages therefor; rather, he challenged the right

of the carrier in equity and good conscience to recover from him on the cause of action alleged.

The doctrine of recoupment was derived from the civil law, and was adopted as a part of the common law.[1] Under it a defendant is entitled to claim, by way of deduction, all just allowances or demands accruing to him in respect of the same transaction that forms the ground of the action. This is not a set-off or counterclaim in the strict sense, because it is not in the nature of a cross demand, but rather it lessens or defeats any recovery by the plaintiff.[2] It goes to the existence of plaintiff's claim, and is limited to the amount thereof.[3] Being a part of the common law of England in 1840, it was expressly adopted by the State of Texas where this contract was made, and has existed since in unimpaired form in that state.[4]

Recoupment goes to the foundation of the plaintiff's claim; it is available as a defense, although as an affirmative cause of action it may be barred by limitation.[5] The defense of recoupment, which arises out of the same transaction as plaintiff's claim, survives as long as the cause of action upon the claim exists.[6] It is a doctrine of an intrinsically defensive nature founded upon an equitable reason, inhering in the same transaction, why the plaintiff's claim in equity and good conscience should be reduced.[7] Though appellee's cause of action to recover affirmatively for the damages he sustained was cut off by the limitation in the bill of lading at the time this action was brought against him, his right to claim damages by way of recoupment remained. The defense was properly asserted and properly sustained. Accordingly, the judgment appealed from is affirmed.

HUTCHESON, Circuit Judge (dissenting).

I think it clear that defendant's counter claim, for damages for negligence in handling the shipment on which the freight sued for was due, was not available to it. It was not available because, (1) by the last sentence of Sec. 2(b) of the bill of lading,[1] "where claims are not filed or suits are not instituted thereon in accordance with the foregoing provisions, no carrier hereunder shall be liable and such claims shall not be paid," the claim was extinguished, and (2) if it was not extinguished, it was, under the settled rule in Texas, available only as a counter claim and not

---

[1] Edge Moor Iron Co. v. Brown Hoisting Machinery Co., 6 Pennewill, Del., 10, 62 A. 1054, 4 L.R.A.,N.S. 858; State v. Arkansas Brick Co., 98 Ark. 125, 135 S. W. 843, 33 L.R.A.,N.S., 376; 24 R.C.L., page 793.

[2] Chitty on Pleading, Vol. 1, page 568, and authorities there cited.

[3] Davenport v. Hubbard, 46 Vt. 200, 14 Am.Rep. 620.

[4] Grigsby v. Reib, 105 Tex. 597, 153 S.W. 1124, L.R.A.1915E, 1, Ann.Cas. 1915C, 1011; Great So. Life Ins. Co. v. Austin, 112 Tex. 1, 243 S.W. 778; Art. 1, Revised Civil Statutes of Texas of 1925; Nelson v. San Antonio Traction Co., 107 Tex. 180, 175 S.W. 434; Mason v. Peterson, Tex.Com.App., 250 S.W. 142.

[5] Williams v. Neely, 8 Cir., 134 F. 1, 69 L.R.A. 232; Webb v. American Surety Co. of New York, 5 Cir., 88 F.2d 171; Cleveland Clinic Foundation v. Humphrys, 6 Cir., 97 F.2d 849, 121 A.L.R. 163; State v. Arkansas Brick Co., supra; Morriss-Buick Co. v. Davis, 127 Tex. 41, 91 S.W.2d 313.

[6] Bull v. United States, 295 U.S. 247, 55 S.Ct. 695, 79 L.Ed. 1421; Williams v. Neely, supra; Conner v. Smith, 88 Ala. 300, 7 So. 150; Beecher v. Baldwin, 55 Conn. 419, 12 A. 401, 3 Am.St.Rep. 57; Wood on Limitations, 3rd Ed., Sec. 282.

[7] Williams v. Neely, supra; Mason v. Peterson, Tex.Com.App., 250 S.W. 142. Cf. Stone v. White, 301 U.S. 532, 539, 57 S.Ct. 851, 81 L.Ed. 1265.

[1] "As a condition precedent to recovery, claims must be filed in writing with the receiving or delivering carrier, or carrier issuing this bill of lading, or carrier on whose line the loss, damage, injury or delay occurred, within nine months after delivery of the property (or, in case of export traffic, within nine months after delivery at the port of export), or, in case of failure to make delivery, then within nine months after a reasonable time for delivery has elapsed; and suits shall be instituted against any carrier only within two years and one day from the day when notice in writing is given by the carrier to the claimant that the carrier had disallowed the claim or any part or parts thereof specified in the notice. Where claims are not filed or suits are not instituted thereon in accordance with the foregoing provisions, no carrier hereunder shall be liable, and such claims shall not be paid."

by way of recoupment and was therefore, barred by limitation when asserted.

The view of the majority, that the above quoted provision of the bill of lading is a mere limitation upon the time within which suits must be brought, and not an extinguishment of the right to assert the claim by way of recoupment, will not, in my opinion, do. Provisions of this kind are inserted in bills of lading, not merely by way of limitations on the right to sue but to extinguish the liability. Their rigid enforcement prevents the use of damage claims to obtain unlawful rebates on freight charges. Since the enactment of the Interstate Commerce Act, "carriers may not accept * * * a release of claim for damages in payment for transportation." Chicago & Northwestern R. Co. v. Lindell, 281 U.S. 14, 50 S.Ct. 200, 201, 74 L.Ed. 670. If Section 2 of the bill of lading had been intended to operate only as a limitation on the time for bringing suits, it would not have contained the last sentence of the section quoted above. The vigorously established rule that the parties to a bill of lading cannot waive its terms nor can the carrier by its conduct give the shipper a right to ignore them, applies as well to provisions of this kind as to provisions fixing the rate. Texas & Pacific R. Co. v. Leatherwood, 250 U.S. 478, 39 S.Ct. 517, 63 L.Ed. 1096; Georgia, Fla. & Ala. Ry. v. Blish Milling Company, 241 U.S. 190, 36 S.Ct. 541, 60 L.Ed. 948; Chesapeake & O. Ry. v. Martin, 283 U.S. 209, 51 S.Ct. 453, 75 L.Ed. 983. In A. J. Phillips Co. v. Grand Trunk Ry., 236 U.S. 662, 35 S.Ct. 444, 446, 59 L.Ed. 774, the court said, of a suit brought after the time limited in the Interstate Commerce Act for bringing suits, under a statute providing that all complaints for damages should be filed within two years and not after, "the lapse of time not only bars the remedy, but destroys the liability."

In United States v. Seaboard Air Line R. Co., 4 Cir., 22 F.2d 113, it was expressly held that the limitation of the bill of lading was contractual and available to bar the claim of the government, not as a statute of limitations or because of laches, but as an express contractual provision going to the right of claim.

But, if I am mistaken in this, and the provision does not extinguish the liability but merely fixes a period of limitation within which suits can be brought, the opinion of the majority is no better based.

For in Texas, and Texas law governs, defendant's claim for damages is not a defense to plaintiff's suit to be set up by way of recoupment, but a counter claim to be affirmatively sued on, and as such, it is barred. In support of its view, that defendant's claim for damages is available in recoupment rather than as a counter claim, the majority cites Federal cases and cases from other jurisdictions, and construed the Texas cases cited below as not in conflict therewith. With its general statement of the law as applicable elsewhere I have no quarrel, but the law in Texas is controlling, and as announced by the highest court of this state, in Morris-Buick Co. v. Davis, 127 Tex. 41, 91 S.W. 2d 313, 314, it is, I think, exactly to the contrary of the view the majority takes. There expressly rejecting the cited decisions of courts of other jurisdictions, the court declared: "The intent of our remedial statutes * * * regulating the subject of counterclaim and set-off, is such that the remedy of recoupment, to the extent that same has been expanded and applied in some jurisdictions, has no place in the jurisprudence of this state. It is the law of this state that where the subject-matter of a defense interposed by the defendant constitutes an independent cause of action which does not go to the foundation of the plaintiff's demand, it cannot effect a reduction of the amount of the plaintiff's recovery except by way of set-off, and the statutes of limitation are available to the plaintiff in respect to such defense. Nelson v. San Antonio Traction Co., 107 Tex. 180, 175 S.W. 434. On the other hand, if the subject-matter of the defense be of an intrinsically defensive nature, which, if given effect, will operate merely as a negation of the plaintiff's asserted right to recover, or an abatement, either wholly or partially, of the amount claimed, the statute of limitation does not apply. Mason v. Peterson, (Tex.Com. App.) 250 S.W. 142."

Neither the doctrine of this case nor the case itself has ever been questioned in Texas. The judgment allowing the counterclaim was wrong and should have been reversed. I respectfully dissent from its affirmance.

On Petition for Rehearing.

PER CURIAM.

As neither of the judges who concurred in the judgment of the court in the above

numbered and entitled cause is of the opinion that the petition for rehearing should be granted, it is ordered that said petition be and the same hereby is denied.