**The SHIPPING CORPORATION OF INDIA, LTD., Plaintiff,**

v.

**PAN AMERICAN SEAFOOD, INC., doing business as International Proteins Corporation, Defendant.**

**No. 83 Civ. 7166 (MEL).**

United States District Court,
S.D. New York.

April 26, 1984.

Halley & Chalos, New York City, for plaintiff; Albert J. Avallone, New York City, of counsel.

Kane, Kessler, Proujansky, Preiss & Nurnberg, P.C., New York City, for defendant; Albert N. Proujansky, Herbert Rand, New York City, of counsel.

LASKER, District Judge.

Defendant, Pan American Seafood, Inc., entered into two contracts with plaintiff, The Shipping Corp. of India, Ltd., for the shipment of goods by ocean vessel from Bangladesh to New York. One bill of lading, titled "No. 8" covered shipment of frozen shrimp; the other, titled "No. 9" covered shipment of frozen frogs' legs.

Plaintiff claims that under the Carriage of Goods by Sea Act, 46 U.S.C. §§ 1301 *et seq.*, ("COGSA"), defendant owes it $8,055.77 in freight charges, $2,633.21 for goods shipped under bill of lading No. 8 and $5,417.56 for goods shipped under lading No. 9. Defendant counterclaims that the goods shipped under bill of lading No. 9 were damaged in demurrage and that its damages, in the amount of $29,705.56, offset plaintiff's claims in their entirety. Plaintiff contends that the defendant's counterclaim is time-barred under § 1303(6) of COGSA which specifies a one year period for instituting suit.[1] Both parties move for summary judgment on their respective claims.

Because plaintiff's claim arose in 1978, it is undisputed that defendant would be time-barred from bringing a direct claim against plaintiff. Defendant claims, however, that since its counterclaim is in the nature of a recoupment, it is not time-barred, and that since "[p]laintiff has pleaded a single cause of action for freight charges,"[2] the claim for recoupment is

---

1. 46 U.S.C. § 1303(6) provides, in relevant part:
 "(6) Unless notice of loss or damage and the *general nature of such loss or damage* be given in writing to the carrier or his agent at the port of discharge before or at the time of the removal of the goods into the custody of the person entitled to delivery thereof under the contract of carriage, such removal shall be prima facie evidence of the delivery by the carrier of the goods as described in the bill of lading. If the loss or damage is not apparent, the notice must be given within three days of the delivery.

 Said notice of loss or damage may be endorsed upon the receipt for the goods given by the person taking delivery thereof....
 In any event the carrier and the ship shall be discharged from all liability in respect of loss or damage unless suit is brought within one year after delivery of the goods or the date when the goods should have been delivered."

2. Defendant's 3(g) Statement ¶ 1. *See also* Defendant's Memorandum in Opposition, at 1 & 2; Defendant's Affidavit of Gilbert A. Read in Opposition ¶ 3.

good against both contracts for carriage. Plaintiff answers that the two contracts must be treated separately and that while the action for recoupment against the allegedly damaged goods is maintainable and not time-barred, an action for recoupment is not maintainable as to non-damaged goods.

 Defendant's arguments as to the applicability of COGSA's time limits for challenging a carrier's proper delivery of goods shipped are persuasive. Where a carrier files suit against the cargo owner to recover demurrage alleged to be due, a cross-suit by the cargo owner to recover for damages to the cargo is not time-barred even though asserted after the time limits set by COGSA § 1303(6). *Puerto Madrin S.A. v. Esso Oil Co.*, 1962 A.M.C. 147 (S.D. N.Y.1962); 2A Benedict on Admiralty § 163 (1984). *See also Luckenbach S.S. Co. v. The Thekla*, 266 U.S. 328, 45 S.Ct. 112, 69 L.Ed. 313 (1924). A shipper may assert, by way of recoupment, its claim for damages to its cargo so long as the damage arises out of the very same transaction on which the carrier's claims are based. *Puerto Madrin S.A.*, 1962 A.M.C. at 171. *See also United States v. Waterman S.S. Corp.*, 471 F.Supp. 87, 95–96 (D.D.C.1979). Since recoupment is in the nature of a defense, it is never barred by the statute of limitations so long as the main action itself is timely. *Bull v. United States*, 295 U.S. 247, 55 S.Ct. 695, 79 L.Ed. 1421 (1935); *Pennsylvania R. Co. v. Miller*, 124 F.2d 160 (5th Cir.), *cert. denied*, 316 U.S. 676, 62 S.Ct. 1047, 86 L.Ed. 1750 (1942); *Waterman S.S. Corp.*, 471 F.Supp. at 96; *Puerto Madrin S.A.*, 1962 A.M.C. 147; *United States v. Wessel, Duval & Co.*, 115 F.Supp. 678, 686–87 (S.D.N.Y.1953).[3]

 However, a shipper's recoupment is limited to the amount demanded by the carrier for the transaction on which the set-off is based. *Puerto Madrin S.A.*, 1962 A.M.C. at 172. *Cf. Pennsylvania R. Co.*, 124 F.2d 160 and *United States v. New York Trust Co.*, 75 F.Supp. 583 (S.D.N.Y.

1946). It does not operate as a cross-demand, but merely lessens or defeats a plaintiff's recovery. *Puerto Madrin S.A.*, 1962 A.M.C. at 172.

 In the instant case, there were two transactions. One involved the shipment of shrimp pursuant to bill of lading No. 8, the other the shipment of frogs' legs pursuant to bill of lading No. 9. That they were separate transactions is manifest: there were separate contracts, bills of lading and billing statements. Since defendant's claim is based on alleged damage only to the shipment of frogs' legs under bill of lading No. 9 and because the two shipments were contracted for separately, defendant may recoup its losses only against plaintiff's freight charges for bill of lading No. 9 and may only recoup its losses to the extent of plaintiff's claim with respect to bill of lading No. 9, that is, a maximum recoupment of $5,417.56.

 Accordingly, plaintiff's motion for summary judgment as to defendant's liability for freight charges on bill of lading No. 8 in the amount of $2,633.21 is granted; plaintiff's motion to dismiss defendant's counterclaim for recoupment as to freight charges on bill of lading No. 9 is denied. The parties' motions for summary judgment as to defendant's liability for freight charges on bill of lading No. 9 are denied because there is a genuine issue of fact as to the cause of damage to the goods shipped under bill of lading No. 9.

It is so ordered.

---

**3.** New York law on these points is to the same effect. *See, e.g.,* C.P.L.R. § 203(c) (McKinney's 1972) and *Carrier Employee's Federal Credit Un-* *ion v. McCullough,* (Sup.Ct.1977), 93 Misc.2d 353, 400 N.Y.S.2d 713.