**Decided July 30, 1984**

IN THE DISTRICT COURT
FOR THE
NORTHERN MARIANA ISLANDS

APPELLATE DIVISION

OCEANIA LINE, INC., ) DCA NO. 83-9008
 )
 Plaintiff/Appellant, ) CTC NO. 81-278
 )
 vs. )
 )
HERMAN'S MODERN BAKERY, ) OPINION
 )
 Defendant/Appellee. )
_____)

BEFORE: Judges LAURETA, SCHNACKE, and SOLL*

LAURETA, District Judge:

BACKGROUND

 Plaintiff, Oceania Lines, Inc. (Oceania), alleged that
the defendant, Herman's Modern Bakery (Herman's), failed to pay
freight and detention of container charges due and owing Oceania
for its shipment of dairy products for Herman's aboard vessels
chartered and operated by Oceania. The shipments occurred in
October of 1979 and February of 1980, and the Complaint was filed
July 16, 1981.

— — — — — — — — —

*Honorable Herbert D. Soll, Commonwealth Trial Court Associate
 Judge sitting by designation pursuant to 48 U.S.C. § 1694b.

On September 4, 1981 Herman's filed its answer and counterclaim, alleging that Oceania had breached its obligations as a carrier by providing defective containers for shipment of chilled dairy products which resulted in damage to the cargo.

Oceania defended, pursuant to 46 U.S.C. § 1300, et. seq. (Carriage of Goods by Sea Act (COGSA)), and Article 17 of the bills of lading, which provided that Oceania would not be subject to liability for Herman's claim unless suit were brought within one year after delivery of the goods.

The trial court found that the containers were those of Oceania, that they were defective, and that this was the cause of the loss of the milk. Additionally, the court held that the local statute of limitations (6 TTC § 313) was applicable to this case, and that it prohibited the application of a one-year limitation period to Herman's counterclaim.

The trial court awarded Oceania $4,242.22 on its claim against Herman's. The court also allowed Herman's counterclaim and awarded judgment for Herman's in the amount of $6,553.44; prejudgment interest was awarded on both claims. By setting off the amounts awarded to Herman's by the amounts awarded to Oceania, judgment was entered for Herman's in the amount of $2,312.22, with 9% interest per annum from February 10, 1982.

Plaintiff appeals the award to Herman's contending that COGSA applies to this action, as provided in the contracts of carriage, to bar Herman's counterclaim as untimely.

///

1052

## ANALYSIS

 A contract relating to a ship in its use as such, or to commerce or navigation on navigable waters, is subject to maritime law and the case is one of admiralty jurisdiction. Nacirema Operating Co. v. Johnson, 396 U.S. 212, 90 S.Ct. 347 (1969). The contracts at issue here are clearly of a maritime character, and thus subject to the application of "maritime law."

 It has long and often been held that in causes of action measurable by standards of maritime law, even when those actions are brought in state courts, nevertheless maritime substantive law applies. Kermarec v. Compagnie Generale Transatlantique, 358 U.S. 625, 79 S.Ct. 406 (1959). Federal maritime law allows for concurrent jurisdiction of such matters by state and local courts, but nowhere does it provide, nor is there room for, the application of local laws to such matters. This rule was well stated by the Fifth Circuit in the case of J.B. Effenson Co. v. Three Bays Corp., 238 F.2d 611 (5th Cir. 1956):

> To hold that plaintiff, entitled to elect his forum as between a federal court, sitting in admiralty, and a court of common law, either state or federal, has a right to elect whether the liability of the defendant shall be determined by the maritime law or by the common law standards of the state would defeat the uniformity which the Constitution requires in such cases. ... The maritime principles would prevail even though the action were brought in a state court. 238 F.2d at 612

///

Given the policy considerations behind the federal maritime law (the international character of much of the activity and the desire for uniformity), it is difficult to see how a locally enacted general limitations statute would ever preempt the federal law. Moreover, there is no indication that the NMI has such a significant interest here that 6 TTC § 313 should be applied in lieu of substantive maritime law and COGSA. Substantive maritime law takes precedence over locally enacted statutes, such as 6 TTC § 313, even though the action was brought in the local court and maritime law permits the inclusion of a period of limitations in the contract of carriage.

46 U.S.C. § 1313 provides that COGSA shall apply to all contracts for the carriage of goods by sea in foreign trade from ports of the United States, which include those of Guam as a U.S. territory. Section 1312 goes on to state:

> ... that any bill of lading or similar document of title which is evidence of a contract for the carriage of goods by sea between [any port of the United States or its possessions and any other port of the United States or its possessions] containing an express statement that it shall be subject to the provisions of this Act, shall be subjected hereto as fully as if subject hereto by the express provisions of this Act . . .

The bills of lading herein contained express statements that Oceania's responsibilities were subject to the provisions of COGSA.

46 U.S.C. § 1303(6) provides, in relevant part:

1054

> In any event the carrier and
> the ship shall be discharged from
> all liability in respect of loss or
> damage unless suit is brought with-
> in one year after delivery of the
> goods or the date when the goods
> should have been delivered.

It is thus clear, that the provisions of the bills of lading which provided for a one-year limitations period in an action to recover for damaged goods are controlling in this action.

More than a year has passed since discharge of the cargo, and affirmative action by Herman's for damaged cargo is thus barred. Nevertheless, Herman's has submitted two alternative theories upon which recovery may be had.

The doctrine of deviation allows cargo interests to void the contract of carriage (bills of lading in this case) under certain conditions. The basic concept is that certain departures, even in the non-geographical sense, from the bill of lading will be considered as fundamental breaches of contract, sufficient to nullify the carrier's reliance on the provisions of the bill of lading. A deviation is defined to be a voluntary departure, without necessity or reasonable cause, from the regular and usual course of the voyage. Whether there has been a deviation is a question of fact. American Cyanamid Co. v. Booth S.C. Co., Ltd., 99 F.Supp. 232, 1951 A.M.C. 1505 (S.D.N.Y. 1951), aff'd, 195 F.2d 529 (2d Cir. 1952).

Here, the trial court found that the containers were those of the plaintiff and that they were defective and this was the cause of the loss of the milk. The court specifically held

1055

that although the two containers involved were on the deck of a barge, the damage to the milk was caused by faulty container refrigeration and not from the fact of being on-deck cargo. Thus, there is no deviation here.

Herman's may, however, by way of recoupment, assert at least a portion of its claim for damages resulting from the damaged cargo. Recoupment is in the nature of a defense and is never barred by the statute of limitations, so long as the main action itself is timely. Bull v. United States, 295 U.S. 247 (1935). Recoupment is a right to reduce the plaintiff's claim, and it exists only so long as the plaintiff's cause of action exists. However, unlike a counterclaim, recoupment may result only in the reduction of the plaintiff's claim; not an affirma-affirmative judgment for any excess over that claim. Pennsylvania R. Co. v. Miller, 124 F.2d 160 (5th Cir. 1942), cert. den. 316 U.S. 676 (1942).

Oceania argues that the doctrine of recoupment may not be applied here as it was not specifically pled nor argued in the court below. This argument has no merit. Herman's asserted its claim for damaged goods by way of "counterclaim" which is often used interchangeably with recoupment. Most jurisdictions have in fact abolished all formal distinctions between the two. See, e.g., Lesnik v. Public Industrial Corp., 144 F.2d 968 (2d Cir. 1944); Krausse v. Greenfield, 123 P.392. Oceania cannot claim lack of notice, nor any other prejudice, simply because Herman's time-barred "counterclaim" is limited in its amount to Oceania's

award.

Recoupment is, however, limited to those claims arising out of the same transaction on which the plaintiff's claims are based. Appellant has argued that the amount awarded to Herman's includes some amount for claims arising from transactions not at issue here. Thus, while it is clear that Herman's recovery cannot exceed $4,242.22 plus prejudgment interest, it may, in fact, be somewhat less than this amount.

The decision of the trial court is, therefore, REVERESED, and the case is REMANDED for a determination of the amount of damages suffered by Herman's from the two transactions at issue here.

DATED: July 30, 1984

ALFRED LAURETA
District Judge

ROBERT H. SCHNACKE
District Judge

HERBERT D. SOLL
Designated Judge