**Robert CONCEPCION, Plaintiff,**

v.

**UNITED STATES NAVY and Trinidad Corporation, Defendants.**

No. 81 Civ. 3515 (CBM).

United States District Court, S.D. New York.

June 2, 1983.

Robert Concepcion, plaintiff pro se.

John S. Martin, Jr., U.S. Atty., New York, J. Paul McGrath, Asst. Atty. Gen., Washington, D.C., Janis G. Schulmeisters, Torts Branch, Civ. Div. by Craig S. English, Trial Attorney, New York City, for defendants.

## MEMORANDUM OPINION AND ORDER ON MOTION FOR SUMMARY JUDGMENT

MOTLEY, Chief Judge.

This is an action under the Jones Act. Pro se plaintiff Robert Concepcion (Concepcion) claims that, on October 2, 1979, he suffered personal injuries while serving as a merchant seaman aboard defendants' vessel, the U.S.N.S. Potomac (the Potomac). Plaintiff seeks to recover lost earnings. The United States Navy (the Navy), owner of the Potomac, and Trinidad Corp., a private steamship company that operated the Potomac under contract with the Navy, are named as defendants.

This case is now before the court on defendants' motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Defendants contend that plaintiff's action is barred by the terms of a general release executed by Concepcion in connection with a previous lawsuit (the first action). Defendants also move to dismiss the complaint against the Trinidad Corp. on the ground that the liability of the United States is by statute exclusive, thereby rendering Trinidad Corp. an improper defendant.

1. The release is quoted in pertinent part below. Lower-case letters indicate the printed-form language. Upper-case letters indicate the language that was type-written, and underlined, upper-case letters indicate the handwritten language.

For the reasons stated below, defendants' motion for summary judgment is denied as to defendant United States Navy and granted as to defendant Trinidad Corp.

## DISCUSSION

Concepcion's first action was for injuries suffered aboard the U.S.N.S. Sealift Antarctic (the Sealift Antarctic) on July 19, 1978. Defendants in the first action were the Navy, as owner of the Sealift Antarctic, and Marine Transport Lines, Inc., another private steamship company under contract with the Navy to operate the vessel. After lengthy negotiations and discovery proceedings, Concepcion, who was represented by counsel, agreed to a settlement of the action in the amount of $20,000. On August 13, 1980, defendants, in accordance with the settlement agreement, drafted a release which was signed by the plaintiff on August 30, 1980.

The issue now before the court is whether the release executed in the first action on August 30, 1980 bars Concepcion's current action.

Concepcion contends that the release he signed on August 30, 1980 only covered the back injuries that he sustained aboard the Sealift Antarctic. It is urged by Concepcion that he never agreed to release the Navy or Trinidad Corp. from liability for the injury that occurred aboard the Potomac.

### A. *The Scope of The Release:*

The release, drafted by defendants, included printed, type-written and hand-written language. At the top of the form are the printed words "General Release". The specific terms of the release are type-written in the main body of the document. It is unquestionable that the typed-in portion refers only to the injury sustained by Concepcion on July 19, 1978 aboard the U.S.N.S. Sealift Antarctic.[1]

I have received, do hereby <u>RELEASE</u> and forever discharge U.S.N.S. SEALIFT ANTARTIC [sic], HER OWNERS ... MARINE TRANSPORT LINES, INC., DEPARTMENT OF THE NAVY ... U.S.N.S. SEALIFT ANTAR-

■ "[A]n issue of construction is posed when a general release refers to specific claims." *La Beach v. Beatrice Foods Co.*, 461 F.Supp. 152, 158 n. 8 (S.D. N.Y.1978). In construing the scope and effect of a release, the intent manifested by the parties must govern. *Zenith Radio Corp. v. Hazeltine Research Inc.*, 401 U.S. 321, 345–46, 91 S.Ct. 795, 809–810, 28 L.Ed.2d 77 (1970), *reh'g denied*, 401 U.S. 1015, 91 S.Ct. 1247, 28 L.Ed.2d 552 (1971); *United Rubber, Cork, Linoleum and Plastic Workers of America, AFL–CIO v. Great American Industries, Inc.*, 479 F.Supp. 216, 237 (S.D.N.Y.1979); *Ruskay v. Jensen III*, 342 F.Supp. 264, 271 (S.D.N.Y. 1972), *aff'd sub nom. Ruskay v. Waddell*, 552 F.2d 392, 395 (2d Cir.1977), *cert. denied*, 434 U.S. 911, 98 S.Ct. 312, 54 L.Ed.2d 197 (1977). The intent manifested by the parties may be discerned from the "language of the release itself and the circumstances surrounding its execution." *Ruskay v. Waddell*, 552 F.2d at 395–96.

■ In the present case, the typewritten language is unmistakably clear as to the scope of the release. The language unequivocally refers to only an injury "sustained on or about July 19, 1978 while employed aboard the U.S.N.S. Sealift Antarctic." (*See* Exhibit A to Affidavit of Craig S. English in Support of Defendants' Motion for Summary Judgment (English affidavit).) The injury suffered by plaintiff on October 2, 1979 aboard the Potomac was neither generally nor specifically referred to in the release. It is, therefore, certain that the parties did not manifest an intention to include it within the scope of the release. A fair reading of the language indicates that the release applied only to the injury suffered by plaintiff aboard the Sealift Antarctic on July 19, 1978. Had the defendants and plaintiff intended to include both injuries within the scope of the release, it would be fair to say that the parties would have referred to both injuries in the document.

TIC [sic] ... INJURIES SUSTAINED ON OR ABOUT JULY 19, 1978 WHILE EMPLOYED

■ In an action by a seaman, the burden is on the party claiming prior settlement as a defense to prove that the earlier settlement was entered into by the seaman with a full understanding of his rights. *Garrett v. Moore-McCormack Co.*, 317 U.S. 239, 248, 63 S.Ct. 246, 252, 87 L.Ed. 239 (1942). *See also Sagastume v. Lampsis Navigation Ltd.*, 579 F.2d 222, 224 (2d Cir.1978); *Wink v. Rowan Drilling Co.*, 611 F.2d 98, 100 (5th Cir.1980), *cert. denied*, 449 U.S. 823, 101 S.Ct. 84, 66 L.Ed.2d 26 (1980); *Robles v. Trinidad Corp.*, 270 F.Supp. 570, 575 (S.D.N.Y.1966).

In support of their contention that Concepcion agreed to a settlement covering both injuries, defendants assert that Concepcion was asked several questions about his shoulder injury aboard the Potomac at a deposition taken in connection with the first action. (*See* English affidavit at ¶ 7). Even accepting this assertion as true, however, defendants have failed to sustain their heavy burden of proving that the plaintiff seaman understood and agreed to the terms of a release broad enough to cover both injuries.

At best, defendants' assertion would establish only that *defendants* were aware of both injuries, and yet drafted a release referring only to the injury sustained aboard the Sealift Antarctic. Defendants have neither established that the release is broad enough to bar Concepcion's instant action nor that Concepcion understood that release to be broad enough to cover the injury for which he now seeks to recover.

Moreover, as the court stated in *Sagastume v. Lampsis Navigation, Ltd.*, "[w]hile it is true that summary judgment is available in admiralty, ... that procedure is inappropriate in circumstances ... where the validity of a seaman's release is at issue." 579 F.2d at 224. Defendants' motion for summary judgment must be denied as to defendant United States.

B. *Liability of Trinidad Corp.:*

■ Plaintiff's action against defendant Trinidad Corp., a private steamship compa-

ABOARD THE U.S.N.S. SEALIFT ANTARTIC [sic].

ny must, however, be dismissed on the ground that there is an adequate and exclusive remedy available against the United States, as the owner of the Potomac, under the Public Vessels Act, 46 U.S.C. §§ 781–790, and under the Suits in Admiralty Act, 46 U.S.C. §§ 741–752.

The Public Vessels Act, at 46 U.S.C. § 782, incorporates the Suits in Admiralty Act, 46 U.S.C. §§ 741–752, by reference. The Suits in Admiralty Act provides in pertinent part that:

> where a remedy is provided by this chapter it shall hereafter be *exclusive of any other action* by reason of the same subject matter against the agent or employee of the United States or of any incorporated or unincorporated agency thereof whose act or omission gave rise to the claim . . . .

46 U.S.C. § 745 (1976) (emphasis added).

The courts have consistently held that, where a seaman brings a negligence action under the Public Vessels Act, the party with whom the United States Navy has contracted to operate and maintain the ship on which the injury occurred is not a proper party defendant. In *Smith v. United States*, 346 F.2d 449, 453–54 (4th Cir.1965), the court held that the contractor, who undertook to manage and operate the Navy tanker on which the plaintiff seaman suffered injuries, was acting as the Government's agent within the meaning of the Public Vessels Act and that the only recourse of the injured seaman was a suit against the Government under that Act.

Similarly, in *Carter v. American Export Isbrandtsen Lines, Inc.*, 411 F.2d 1185, 1186 (2d Cir.1969), the court found that plaintiff, a seaman injured aboard a Navy vessel, could not sue the general agent operating the vessel for damages arising from his injury because of the exclusive remedy provision of the Public Vessels Act. *See also Petition of the United States*, 367 F.2d 505 (3rd Cir.1966).

Because the exclusive liability clause of section 745 of the Suits in Admiralty Act precludes recovery against the contract operator, the court concludes that Trinidad Corp. is an improper defendant. Accordingly, defendants' motion for summary judgment is granted as to defendant Trinidad Corp.

### CONCLUSION

Defendants' motion for summary judgment is denied as to defendant Navy, and granted as to defendant Trinidad Corp. The next pretrial conference in this case will be held on June 24, 1983 at 11:00 a.m. in courtroom 906.

So Ordered.