Margarito I. DOMANTAY, Plaintiff,

v.

UNITED STATES of America DEPARTMENT OF the NAVY, Defendant.

No. 90–352 CIV–T–17.

United States District Court, M.D. Florida, Tampa Division.

March 4, 1992.

Hendrik Uiterwyk, Tampa, Fla., for plaintiff.

David J. Horr, Rodriguez, Horr, Aronson & Blanck, P.A., Miami, Fla., for defendant.

## ORDER

KOVACHEVICH, District Judge.

Margarito Domantay (Domantay) filed suit in this Court against the United States Department of the Navy (Navy) for injuries sustained while working on the USNS SEALIFT INDIAN OCEAN. Plaintiff Domantay alleged jurisdiction upon the Maritime Law of the United States (46 U.S.C.App. § 688, *et seq.*) including the Suits in Admiralty Act (46 U.S.C.App. § 741 *et seq.*) and the Public Vessels Act (46 U.S.C.App. § 781–790). Domantay alleged in the original complaint that he was employed by Defendant Navy and became injured while working on the SEALIFT INDIAN OCEAN.

Defendant Navy timely filed answers to the original complaint consenting to be sued pursuant to the Public Vessels Act and stated that the "USNS SEALIFT INDIAN OCEAN was, and remains, a public vessel of the United States employed by the United States Navy."

Subsequently, Domantay motioned to amend the complaint to add another defendant, Marine Transport Management Company, as discovery revealed such to be Domantay's employer at the time of the injury. The proposed Amended Complaint also relies on the same laws of Admiralty as cited in the original complaint. In support of the motion to amend, Domantay cited R 15(a), Fed.R.Civ.P. and Rule 4.01 Local

Rules of the Middle District. The Navy responded by filing a Memorandum of Law in Opposition asking this Court to deny the motion to amend as futile.

Defendant Navy cites the exclusive remedy provision of the Suits in Admiralty act which reads:

> [W]here a remedy is provided by this chapter it shall hereafter be exclusive of any other action by reason of the same subject matter against the agent or employee of the United States or of any incorporated or unincorporated agency thereof whose act or omission gave rise to the claim.

46 U.S.C.App. § 745. Defendant further relies on the Public Vessels Act provision that states causes of action under the Public Vessels Act are subject to the provisions of the Suits in Admiralty Act. 46 U.S.C.App. § 782. Navy therefore argues that as the remedy sought by Domantay is provided by the Suits in Admiralty Act and the Public Vessels Act, the remedy can only be brought against the United States as a party defendant. Therefore Domantay cannot entertain any hope of maintaining an action against Marine Transport as a party defendant.

■ Rule 15(a) gives discretion to the trial court in allowing parties to amend their pleadings stating that "leave shall be freely given when justice so requires." If the amendment is futile the trial court can in its discretion deny the motion to amend the complaint as stated in *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). In the case at bar, no injustice will be worked upon the plaintiff by the denial of the motion to amend, as Defendant Navy accurately points out such amendment would be futile in the face of the law.

The proposed amended complaint alleges that Navy "owned, operated, managed, and controlled in maritime commerce" the SEALIFT INDIAN OCEAN. The proposed complaint further alleges Marine Transport Management Company acted in this same capacity either in conjunction or alternatively with Navy. Because the Navy admitted its ownership and/or opera-

tion, management or control in it's answer to the original complaint, there exists no question for the purposes of this motion that the USNS SEALIFT INDIAN OCEAN is a Public Vessel under the Public Vessels Act and the Suits in Admiralty act. The USNS SEALIFT INDIAN OCEAN is not alleged to be a privately owned vessel or merely a time chartered vessel. *Williams v. Central Gulf Lines,* 874 F.2d 1058 (5th Cir.1989). In its answer to the original complaint, defendant states that it "owned, operated, controlled, and/or chartered the vessel USNS SEALIFT INDIAN OCEAN" and further admitted it to be a "Public Vessel."

■ Even if Marine Transport is the actual employer of Domantay, only the United States (Navy) can be a defendant to the action. *Shields v. United States,* 662 F.Supp. 187 (M.D.Fla.1987) clearly states that an employer of a seaman acting as an agent of the United States cannot be a party defendant to the action because of the exclusivity provision of the Suits in Admiralty Act. "This 'exclusivity provision' precludes recovery against an agent of the United States in any case where he commits a wrongful act on a public vessel or merchant vessel of the United States and a remedy is available against the United States under the [Suits in Admiralty Act]." *at* 189.

The Public Vessels Act incorporates the exclusivity provision of the Suits in Admiralty Act pursuant to 46 U.S.C.App. § 782. See also *Concepcion v. United States Navy,* 575 F.Supp. 23 (D.C.N.Y.1983). Therefore suit brought pursuant to the Public Vessels Act must be limited to the exclusivity provision of the Suits in Admiralty Act.

Accordingly, it is

ORDERED that Plaintiff's motion to amend the complaint adding Marine Transport Management Company as a party Defendant be denied.

DONE and ORDERED.