Hector Lopez SAGASTUME et al., Appellants,

v.

LAMPSIS NAVIGATION LTD., as Owner of the DROSIA, Appellee.

No. 983, Docket 77–7589.

United States Court of Appeals, Second Circuit.

Argued April 18, 1978.

Decided July 3, 1978.

---

Edward M. Katz, New York City (Phillips & Cappiello and George J. Cappiello, Jr., New York City, on brief), for appellants.

Theodore P. Daly, New York City (Poles, Tublin, Patestides & Stratakis, New York City, on brief), for appellee.

Before KAUFMAN, Chief Judge, and SMITH and ANDERSON, Circuit Judges.

ROBERT P. ANDERSON, Circuit Judge:

This is an appeal from an order denying appellants' motion to file claims and answers *nunc pro tunc* in connection with appellee's Petition for Exoneration From or Limitation of Liability. Appellants are Honduran seamen, who were crew members of the vessel "Drosia" which sank off Cape Hatteras on December 11, 1975. They claim to have sustained personal injuries as a result of the accident and seek recovery from appellee, Lampsis Navigation, Ltd., owner of the vessel.

The relevant facts can be briefly stated. After their rescue at sea by ships in the area, appellants and other surviving crewmen were escorted and housed in the United States for several days by appellee shipowner. An affidavit submitted by appellee's counsel in opposition to appellants' present motion recites the efforts made by the shipowner to notify the families of surviving crewmen, to ensure that men, who complained of injuries, were given medical care and attention, and to assist the foreign seamen to obtain new travel documents.

While still in the United States, on December 19, 1975, appellants, who did not understand English, signed releases written in Spanish, their native language, in consideration of payments ranging from $1,115 to $3,500. None of the crewmen had a lawyer or other independent adviser representing him when he signed his release, which was

explained to him by a Spanish-speaking interpreter who assisted counsel for the shipowner. Thereafter appellants returned to Honduras.

On June 10, 1976, appellee filed a Petition for Exoneration From or Limitation of Liability pursuant to Rule F(1) of the Supplemental Rules for Certain Admiralty and Maritime Claims, F.R.Civ.P. The district court entered an order requiring all claims against the shipowner to be filed by July 30, 1976. The order was properly published in the New York Law Journal, and notice of it was mailed to all persons known to have made claims against appellee. See Supplemental Rule F(4), F.R.Civ.P. By motion, dated April 25, 1977, counsel for appellants sought leave to file claims and answers to the petition, *nunc pro tunc*, on the ground that the appellants were unaware of the limitation proceeding because they had received no notice of it.

The district court acknowledged that it was likely that these Honduran seamen had no actual knowledge of the limitation proceeding; but, it nonetheless, considered this fact irrelevant and denied the motion. Relying on an affidavit and supporting documents submitted by appellee, the court concluded that appellants had executed proper releases and had been adequately recompensed for any injuries. Accordingly, it held that they had failed to provide a sufficient reason to justify the late filing of their claims. The sole issue raised on appeal is whether or not the district court abused its discretion in denying appellants' motion.

■ Supplemental Rule F(4), F.R. Civ.P., provides, in part, that "for cause shown, the court may enlarge the time within which claims may be filed." Such a decision is within the sound discretion of the district court. See *Meyer v. New England Fish Co. of Oregon*, 136 F.2d 315 (9th Cir.), *cert. denied*, 320 U.S. 771, 64 S.Ct. 83, 88 L.Ed. 461 (1943). In general, however, "so long as the limitation proceeding is pending and undetermined, and the rights of the parties are not adversely affected, the court will freely grant permission to file

late claims . . . upon a showing of reasons therefore." *Texas Gulf Sulphur Co. v. Blue Stack Towing Co.*, 313 F.2d 359 (5th Cir. 1963), quoting from 3 Benedict, *Admiralty* § 518 at 542 (Knauth ed. 1940); see also, *The Spring Hill*, 172 F.2d 355 (2d Cir. 1949); *In re Industrial Transportation Corp.*, 344 F.Supp. 1311 (E.D.N.Y.1972); *Petition of Tugboat Dalzellea, Inc.*, 254 F.Supp. 298 (S.D.N.Y.1965).

■ In this case, the limitation proceeding is pending and undetermined. Appellee's only claim of prejudice is that it will have to defend the validity of the releases. This claim, which states, in effect, that these seamen should have no right to challenge their releases before the district court, is plainly without merit. See *Hume v. Moore-McCormack Lines*, 121 F.2d 336 (2d Cir.), *cert. denied*, 314 U.S. 684, 62 S.Ct. 188, 86 L.Ed. 547 (1941). Moreover, it is undisputed that these seamen, who reside in a small village in Honduras, most likely did not receive notice of the limitation proceeding by virtue of its publication in a New York newspaper. Failure to receive such notice because of foreign citizenship or because of publication in a place remote from the residence of potential claimants has been held to be a sufficient ground to excuse the late filing of claims. See *The Spring Hill, supra; Jappinen v. Canada Steamship Lines, Ltd.*, 417 F.2d 189 (6th Cir. 1969).

■ The only apparent justification for the denial of the petition for leave to file is the district judge's determination that the releases executed by appellants were valid and, therefore, their claims lacked merit. While it is true that summary judgment is available in admiralty, see, e. g., *Hodges v. S.S. Tillie Lykes*, 512 F.2d 1279 (5th Cir. 1975), that procedure is inappropriate in circumstances such as those in this case where the validity of a seaman's release is at issue. See *Garrett v. Moore-McCormack*, 317 U.S. 239, 63 S.Ct. 246, 87 L.Ed. 239 (1942); *Law v. United Fruit Co.*, 264 F.2d 498 (2d Cir.), *cert. denied*, 360 U.S. 932, 79 S.Ct. 1452, 3 L.Ed.2d 1546 (1959); *Zoldan v. American Export Isbrandtsen Lines, Inc.*,

302 F.Supp. 388 (S.D.N.Y.1969), *aff'd*, 432 F.2d 784 (2d Cir. 1970). The burden is on the shipowner to show that a release was "executed freely, without deception or coercion . . . and with full understanding." *Kelcey v. Tankers Co.*, 217 F.2d 541 (2d Cir. 1954), *quoting from, Garrett v. Moore-McCormack, supra*, 317 U.S. at 248, 63 S.Ct. 246, 252.

Appellants' counsel argues that the crewmen were never given an opportunity to decide whether or not to sign the releases. From the time of their rescue until they departed for Honduras, they were under the control and supervision of the shipowner. They had no access to independent legal counseling and did not understand English. Under these circumstances, the comments of Judge Frank, as stated in *Hume v. Moore-McCormack Lines, Inc., supra*, at 347, are apposite:

> "Here the seaman had no lawyer nor other competent adviser representing him when he signed the release. There should be a trial of the issues, on evidence, at which the burden will be on the appellee to sustain the release 'as fairly made with and fully comprehended by the seaman.'" (Citations omitted.)

See, also, *King v. Waterman S.S. Corp.*, 61 F.Supp. 969 (S.D.N.Y.1945).

The district court erred in deciding the issue of the validity of the releases solely on the basis of papers which appellee submitted in opposition to the motion for leave to file claims late. A necessary prelude to that determination is the opportunity for full discovery and disclosure of all the relevant circumstances. The appellants should, therefore, be allowed to file their claims late. Accordingly, the order of the district court is reversed and the case is remanded for further proceedings consistent with this opinion.