**In the Matter of the Complaint of RATIONIS ENTERPRISES, INC. OF PANAMA, as Owner, and Mediterranean Shipping Co. S.A. of Geneva, as Bareboat Charterer of the M/V "MSC Carla" for Exoneration from or Limitation of Liability.**

**No. 97 CV 9052(RO).**

United States District Court,
S.D. New York.

May 12, 1999.

---

118. Canton Aff.Exh. N. The transcript is unauthenticated.

119. *Id.* ¶ 22.

120. Mendoza Dep. at 16.

121. Meade Dep. at 24.

122. *Id.* at 8–9.

International Insurance Company ("Washington"), along with hundreds of other claimants, filed a Verified Claim in this limitation proceeding seeking recovery for loss or damage to cargo carried on the *Carla.* Specifically, Washington filed claims on June 12, 1998 seeking recovery for loss or damage to cargo carried pursuant to three separate bills of lading. Washington now moves to file a First Amended and Supplemental Claim, in accordance with Rule 15 of the Federal Rules of Civil Procedure, to recover $26,800 in loss or damages to cargo carried pursuant to a fourth bill of lading.

The *Carla* sank in late November 1997. MSC initiated this limitation proceeding in early December 1997. The deadline for filing claims was extended several times, and MSC made agreements with several claimants to extend the filing time. Following the June 15, 1998 deadline, other claimants filed motions *nunc pro tunc* to permit the filing of other late claims. In general, "so long as the limitation proceeding is pending and undetermined, and the rights of the parties are not adversely affected, the court will freely grant permission to file late claims." *Sagastume v. Lampsis Nav. Ltd.*, 579 F.2d 222, 224 (2d Cir.1978) (citations omitted).[1]

Accordingly, I held a conference on September 4, 1998. MSC did not object to an extension of the filing deadline, but it did argue that it needed a firm cut-off date so that discovery could commence with some assurance that all the parties were involved and that the case could move forward without having to start all over again every time a new claim was filed. At that conference, I established that the absolute cut-off date for filing claims within the limitation proceeding was December 1, 1998, and cargo claimants agreed that "claims [submitted] after that [date] would be time barred and ... wouldn't deserve any merit or any consideration." Transcript of Sep. 4, 1998 hearing at 8. This

### ORDER

OWEN, District Judge.

This case involves a limitation proceeding under 46 U.S.C.App. §§ 181 *et seq.* filed by the Mediterranean Shipping Company ("MSC"), the owners of the *M/V MSC Carla,* following the ship's sinking in November 1997. Claimant Washington

---

1. *Sagastume* involved the filing of late claims by injured foreign seamen who did not speak English, however, rather than represented claimants who had knowledge of the proceeding by virtue of having filed claims within the proceeding. 579 F.2d 222 (2d Cir.1978).

date was in accordance with the Carriage of Goods by Sea Act (COGSA), 46 U.S.C.App. § 1300 *et seq.* Under 46 U.S.C.App. § 1303(6), all claims for loss must be brought within one year after delivery of the goods or the date that the goods should have been delivered.[2] Discovery was not to commence until all the claims had been filed.

At this juncture of the case, hundreds of claims totaling more than $130 million have been filed. In addition, more than thirty related cases have been filed, and these cases have been consolidated for discovery purposes only and referred to Magistrate Judge Pitman for supervision of discovery. Depositions of *Carla* personnel have begun—indeed, the deposition of the Master has been completed after several days—and document discovery is on-going.

■ Washington now contends that it should be allowed to amend its claim, which was timely filed within the limitation proceeding, to add additional cargo carried aboard the same vessel, during the same voyage, lost in the same incident. Rule 15(c) of the Federal Rules of Civil Procedure provides that:

> An amendment of a pleading relates back to the date of the original pleading when ... (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in original pleading.

Washington's proposed amended claim involves a fourth bill of lading between Tuts International and Hyundai, one of the slot charterers. Washington paid Tuts $26,800.00 on April 7, 1998, so there can be no dispute that Washington had notice of the claim.

■ Each bill of lading is a separate transaction. *See Shipping Corp. of India, Ltd. v. Pan American Seafood, Inc.,* 583 F.Supp. 1555, 1557 (S.D.N.Y.1984) ("That [the two bills of lading] were separate transaction is manifest: there were separate contracts, bills of lading and billing statements."). Washington argues that the separate bills of lading arise out of the same transaction as the first three bills of lading and cites *Farr Man Coffee, Inc. v. M.S. JALA TAPI,* 1988 AMC 1352, 1988 WL 3489 (S.D.N.Y.1988) for support. In *Farr Man,* the plaintiff filed an initial timely complaint seeking recovery for non-delivery of cargo pursuant to three bills of lading. Less than two months after the COGSA one-year time bar expired, plaintiff filed an amended complaint seeking recovery for damages under a fourth bill of lading. The defendant objected that the claim was time barred, but the *Farr Man* court allowed plaintiff to file an amended complaint because the claim arose out of the same incident. I am not persuaded by *Farr Man* because it involved only two parties, rather than a limitation proceeding with more than a thousand claimants. Indeed, at least one other court has rejected the reasoning of *Farr Man* in the context of a limitation proceeding. *See Ferrostaal Inc. v. M/V Yvonne,* 10 F.Supp.2d 610 (E.D.La.1998). The fourth bill of lading is a separate transaction which does not arise out of the same transaction asserted in Washington's timely claims and therefore does not relate back under Rule 15(c).

■ For many reasons, I conclude that Washington's claim is untimely. An untimely claim cannot be made timely by amending it to a timely-filed claim. *See Ferrostaal Inc. v. M/V Yvonne,* 10 F.Supp.2d 610, 613 (E.D.La.1998) ("[A] cargo plaintiff may not subsequently amend a timely-filed complaint to include damages for cargo which would have been otherwise time-barred under COGSA."). *See also, In re Overseas Containers Ltd.,* No. 84 Civ. 2306, 1985 WL 5088 (S.D.N.Y. Dec.19, 1985) (denying an underwriter's petition to file a late claim into a limitation proceeding).

While on the surface, one might ask what is the prejudice from allowing a late

---

**2.** Since the *Carla* was scheduled to make several stops at various American ports, delivery of the goods should have occurred on several dates in late November 1997. For the sake of simplicity, I established a filing deadline of December 1, 1998.

claim, for how little "the rights of the parties would be adversely affected," *Sagastume v. Lampsis Nav. Ltd.*, 579 F.2d 222, 224 (2d Cir.1978).[3] However, in a case of this magnitude involving this many claims, it is unrealistic to think that if the Court allowed this late claim to be filed, numerous other late claims would not inevitably follow. Discovery, already in progress, would need to be halted for some period of time while additional claims were filed, and new claimants could demand new rights against depositions already taken. The memories of those involved in the incident would grow increasingly dim, and the difficulty of scheduling the depositions of seamen who are at sea for months at a time would be increased. Moreover, allowing additional late claims would also impact the eventual distribution of the limitation fund, because increasing the claims would ultimately decrease the share of all claimants who filed their claims in a timely manner if limitation is appropriate. *Id.* at 6.[4] At some point, having already extended the time, it is necessary for the Court to say, "Enough is enough." This is that point.

I therefore deny Washington's motion to amend its claim.

The foregoing is so ordered.

---

**3.** *Sagastume* involved the filing of late claims by injured foreign seamen who did not have notice of the limitation proceeding and did not speak English. 579 F.2d 222 (2d Cir. 1978). Here, we have represented claimants who had knowledge of the proceeding and filed other claims within the proceeding.

**4.** In addition, MSC argues that since the filing of claims has ended, it has begun assessing potential liabilities and begun to enter into settlement agreements. MSC Mem. of Law at 6. According to MSC, re-opening the proceeding "would mean that MSC could never hope to accurately assess potential liability and would destroy any basis from which to pursue further settlement discussions." *Id.*