13-3676-cv
*Anderson v. Cameron*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of June, two thousand fourteen.

PRESENT:
> BARRINGTON D. PARKER,
> DEBRA ANN LIVINGSTON,
> CHRISTOPHER F. DRONEY,
> *Circuit Judges.*

_____

George L. Anderson, Jr.,

> *Plaintiff-Appellant*,

> v.                                                    13-3676-cv

Jane C. Cameron, *et al.*,

> *Defendants.*[*]

_____

**FOR PLAINTIFF-APPELLANT:**          George Anderson, Jr., *pro se*, Frewsburg, NY.

**FOR DEFENDANTS:**          No appearance

Appeal from an order of the United States District Court for the Western District of New York (Arcara, *J.*).

---

[*] The Clerk of Court is directed to amend the caption to conform to the listing above.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Appellant George Anderson, Jr., proceeding *pro se*, appeals from a district court order denying his motion for temporary injunctive relief. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

A temporary restraining order is not a final order and is generally not appealable. *See Commodity Futures Trading Comm'n v. Walsh*, 618 F.3d 218, 225 n.3 (2d Cir. 2010). However, while the district court characterized Anderson's motion as a request for a temporary restraining order, we may entertain an otherwise unappealable order denying a temporary restraining order when it amounts to a denial of a preliminary injunction. *See Huminski v. Rutland City Police Dep't*, 221 F.3d 357, 361 (2d Cir. 2000) (per curiam). Affording the necessary liberal construction to Anderson's motion for temporary injunctive relief, we consider it as having requested a preliminary injunction, which the court denied.

Ordinarily, a party seeking a preliminary injunction must show: (1) a likelihood of irreparable harm in the absence of the injunction; and (2) either a likelihood of success on the merits or sufficiently serious questions going to the merits to make them a fair ground for litigation, with a balance of hardships tipping decidedly in the movant's favor. *Doninger v. Niehoff*, 527 F.3d 41, 47 (2d Cir. 2008). We review the denial of a preliminary injunction for abuse of discretion. *See Lynch v. City of N.Y.*, 589 F.3d 94, 99 (2d Cir. 2009). A district court has abused its discretion if it has: "(1) based its ruling on an erroneous view of the law; (2) made a clearly erroneous assessment of the evidence; or (3) rendered a decision that cannot be located within the range of permissible decisions." *Id.* (internal quotation marks omitted).

The district court did not abuse its discretion by denying Anderson's request for injunctive relief, as neither Anderson's general statements in his motion nor his various attachments relating to his state court proceedings were sufficient to establish that a preliminary injunction should issue. *See Moore v. Consol. Edison Co. of N.Y., Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (noting that preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion"); *Tom Doherty Assocs., Inc. v. Saban Entm't, Inc.,* 60 F.3d 27, 37 (2d Cir. 1995) (stating that, to warrant injunctive relief, a litigant must show, *inter alia,* irreparable harm that is "not remote or speculative[,] but actual and imminent"). We also construe Anderson's assertion that the court lacked evidence upon which to base its decision as arguing that the court should have held an evidentiary hearing. However, where, as here, there were no factual disputes, an evidentiary hearing was not necessary. *See In re Rationis Enters., Inc. of Panama*, 261 F.3d 264, 269 (2d Cir. 2001) ("On a motion for an injunction, *where essential facts are in dispute*, there must be a hearing and appropriate findings of fact must be made." (emphasis added) (internal quotation marks and alterations omitted)); *see also Republic of Philippines v. N.Y. Land Co.*, 852 F.2d 33, 37 (2d Cir. 1988) ("It is not a rigid requirement that oral testimony be taken on a motion for a preliminary injunction.").

We have considered Anderson's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the order of the district court. Anderson's motion for "res judicata jurisdiction" is **DENIED** as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3