CALABRESI, Circuit Judge, concurring I join in the opinion except for its analysis of personal jurisdiction. It is not that I necessarily disagree with that analysis. But I believe the better course, in circumstances like those before us, is to assume personal jurisdiction arguendo and direct a dismissal with prejudice for failure to state a claim. Our prior ease law allows us to do so. Before Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998), we, and other circuits, regularly assumed jurisdiction when “the merits question [wa]s more readily resolved .... ” Id. at 93-94, 118 S.Ct. 1003. But, in Steel Co., the Supreme Court held that this practice, dubbed the “doctrine of hypothetical jurisdiction,” “offend[ed] fundamental principles of separation of powers” and, thus, was impermissible. Id. at 94, 101, 118 S.Ct. 1003. Steel Co. does not, however, undermine the appropriateness of our deciding the merits in the current case. Steel Co. was concerned with the judiciary’s powers under Article III. See id. at 95-98, 118 S.Ct. 1003. Personal jurisdiction, on the other hand, is concerned with individual rights under the Due Process Clause. Burger King v. Rudzewicz, 471 U.S. 462, 471-72, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985). The relevant differences between personal and subject-matter jurisdiction are legion. Parties cannot stipulate to subject-matter jurisdiction, Great Southern Fire Proof Hotel Co. v. Jones, 177 U.S. 449, 453, 20 S.Ct. 690, 44 L.Ed. 842 (1900), but can to personal jurisdiction, see Burger King, 471 U.S. at 472 n. 14, 105 S.Ct. 2174. Courts have an independent duty to assess subject-matter jurisdiction, Great Southern, 177 U.S. at 453, 20 S.Ct. 690, but not personal jurisdiction, Sinoying Logistics Pte Ltd. v. Yi Da Xin Trading Corp., 619 F.3d 207, 213 (2d Cir. 2010). And while subject-matter jurisdiction is an absolute limit on the court’s power to adjudicate a claim, Mansfield, C. & L. M. Ry. Co. v. Swan, 111 U.S. 379, 382, 4 S.Ct. 510, 28 L.Ed. 462 (1884), personal jurisdiction is not, cf. In re DES Litigation, 7 F.3d 20, 23-24 (2d Cir. 1993) (explaining that an interlocutory order finding personal jurisdiction cannot be appealed by a prevailing party because a finding of personal jurisdiction is not a '“necessary step” for a district court’s dismissal of a complaint and entry of judgment). I believe that Steel Co. is not controlling in cases of personal jurisdiction. But see Rationis Enter. Inc. of Panama v. AEP/Borden Indus., 261 F.3d 264, 267-68 (2d Cir. 2001) (suggesting there is no difference between personal and subject-matter jurisdiction in this regard). Even if there is no difference in how personal jurisdiction and subject-matter jurisdiction are to be treated, the prior cases would allow us to assume jurisdiction in the circumstances before us. See Chevron Corp. v. Naranjo, 667 F.3d 232, 246 n. 17 (2d Cir. 2012) (reaching the merits and declining to “address the personal jurisdictional claims made by some defendants” where the court had personal jurisdiction over other defendants). In Norton v. Mathews, 427 U.S. 524, 528-31, 96 S.Ct. 2771, 49 L.Ed.2d 672 (1976), the Supreme Court avoided a jurisdictional question, and instead dismissed on the merits. The Court did so because it had already decided the merits question in a companion case. We applied Norton in Center for Reproductive Law and Policy v. Bush, 304 F.3d 183 (2d Cir. 2002) (“Center”). In Center, we directed a dismissal on the merits without reaching an open standing question because the appellants pressed a merits argument that had been squarely rejected in an earlier case. Id. at 193. We read Norton to allow courts to assume jurisdiction “in those peculiar circumstances where the outcome on the merits has been foreordained” and the court is not “us[ing] the pretermission of the jurisdictional question as a device for reaching a question of law that otherwise would have gone unaddressed.” Center, 304 F.3d at 194 (internal quotation marks omitted). The Norton rule applies here as well. “[T]he outcome on the merits” against the UBS defendants “has been foreordained.” We already reached the merits in resolving the claims against the Access defendants, who are, except for the personal jurisdiction issue, identically placed to the UBS defendants. Thus, if we assume jurisdiction we would not be doing so “as a device for reaching a question of law that otherwise would have gone unaddressed,” but instead as a means of preventing waste of judicial resources. We note that the Norton rule survived Steel Co. Steel Co. specifically distinguished Norton. Steel Co., 523 U.S. at 98, 118 S.Ct. 1003. And this Court in Center affirmed that Norton was still good law after Steel Co. Center, 304 F.3d at 194. For these reasons, I conclude that we can and should assume personal jurisdiction and reach the merits in this case. Moreover, I believe an additional practical consideration favors our doing so here. A dismissal for lack of personal jurisdiction, which must be without prejudice, invites Appellant to seek another jurisdiction in which to bring claims we have already deemed meritless. This result would be doubly wasteful of judicial resources. Accordingly, while I fully join the rest of the court’s opinion, I do not join the discussion of personal jurisdiction as to the UBS defendants. Instead, I would hold in favor of Appellees on the merits, and dismiss the entire suit with prejudice.