17-3709-cv
*Demirayak v. City of New York*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of August, two thousand eighteen.

PRESENT:   JOSÉ A. CABRANES,
           GERARD E. LYNCH,
           SUSAN L. CARNEY,
                   *Circuit Judges,*

---

CANER DEMIRAYAK,

　　　　　　*Plaintiff-Appellant,*　　　　　　　　　　　　　　　17-3709-cv


　　　　v.

CITY OF NEW YORK, NEW YORK CITY DEPARTMENT
OF CITYWIDE ADMINISTRATIVE SERVICES, LISETTE
CAMILO, RICK D. CHANDLER P.E., IRA GLUCKMAN
RA, NEW YORK CITY DEPARTMENT OF BUILDINGS,
STATE OF NEW YORK, OFFICE OF COURT
ADMINISTRATION, AND HON. BARRY CLARKE,

　　　　　　*Defendants-Appellees.*

---

FOR PLAINTIFF-APPELLANT:                   CANER DEMIRAYAK, *pro se*, Massapequa, NY.

FOR MUNICIPAL DEFENDANTS-APPELLEES:  DANIEL MATZA-BROWN (Jane L. Gordon *on the brief*), *for* Zachary W. Carter, Corporation Counsel of the City of New York, New York, NY.

FOR STATE DEFENDANTS-APPELLEES:      SCOTT EISMAN, Assistant Solicitor General of Counsel (Steven C. Wu, Deputy Solicitor General, *on the brief*), *for* Barbara D. Underwood, Attorney General for the State of New York, New York, NY.

Appeal from a November 2, 2017, 2017 order of the United States District Court for the Eastern District of New York (William F. Kuntz, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the November 2, 2017 order of the District Court be and hereby is **AFFIRMED**.

Plaintiff-appellant Caner Demirayak ("plaintiff") appeals from the District Court's order denying his request for a preliminary injunction against the municipal and state Appellees ("defendants") alleging violations of, *inter alia*, the Americans with Disabilities Act ("ADA") and the Rehabilitation Act ("RA"). Plaintiff alleged that defendants violated the Acts by failing to provide reliable access in the New York State Supreme Court courthouse where plaintiff, who relies on a wheelchair for mobility, frequently practices law. He contends that various courtrooms, chambers, and restrooms within the courthouse are not ADA-compliant. Soon after filing an amended complaint, plaintiff moved for a preliminary injunction requiring defendants to (1) remove all inaccurate accessibility signs and install new, correct signs; (2) keep the courthouse's handicap-accessible bathrooms in working order; (3) purchase and install temporary portable ramps and lifts for use in the courthouse jury coordinating part, law library, and fourth and fifth floor staircases; (4) submit a plan for removing all architectural barriers; and (5) prevent any government actor from retaliating against plaintiff including by, but not limited to, circumventing the random assignment of judges or issuing unfavorable rulings or decisions.

The District Court denied plaintiff's motion for a preliminary injunction on November 2, 2017. Plaintiff then moved for an "emergency" injunction pending appeal of the District Court's denial of a preliminary injunction and for an expedited appeal. We denied plaintiff's motion for an

emergency injunction in its entirety on December 7, 2017. Dkt. No. 68. We now consider plaintiff's merits appeal of the District Court's order of November 2, 2017, denying a preliminary injunction.

At oral argument, plaintiff withdrew two of his demands for relief (for the submission of architectural plans and the prohibition of retaliation) and conceded that a third (the correction of signage) was moot. Accordingly, we need not further address these issues. We thus focus on plaintiff's remaining requests for injunctive relief: (1) the maintenance of the courthouse's three accessible bathrooms in working order; and (2) the installation of ramps and lifts throughout the courthouse.

## DISCUSSION

We review the denial of a preliminary injunction for abuse of discretion. *E.g.*, *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 238 (2d Cir. 2016). "A district court abuses its discretion when its decision rests on an error of law or clearly erroneous finding of fact." *Id.*

A party seeking a preliminary injunction must ordinarily establish that (1) he is likely to succeed on the merits, (2) he is likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in his favor, and (4) an injunction is in the public interest. *Winter v. NRDC, Inc.*, 555 U.S. 7, 20 (2008). Irreparable harm is "the single most important prerequisite for the issuance of a preliminary injunction." *Bell & Howell: Mamiya Co. v. Masel Supply Co. Corp.*, 719 F.2d 42, 45 (2d Cir. 1983). A heightened standard applies when a movant seeks a preliminary injunction that either alters the status quo or would provide the ultimate relief sought in the underlying action. *Tom Doherty Assocs., Inc. v. Saban Entm't, Inc.*, 60 F.3d 27, 33-34 (2d Cir. 1995). Under this heightened standard, plaintiff must make a clear showing that he is entitled to the relief requested, or that "extreme or very serious damage" will result from denial of preliminary relief. *Nicholson v. Scoppetta*, 344 F.3d 154, 165 (2d Cir. 2003).

## I.

Plaintiff has failed to show that the current condition of the courthouse bathrooms results in extreme or serious harm. Although plaintiff alleged that the three accessible bathrooms in the Courthouse were not kept in working order, his motion and accompanying affidavit did not contain sufficient facts regarding how frequently accessible bathrooms were closed or in disrepair. Although the lack of *any* accessible bathroom would likely suffice to show actual and imminent harm, plaintiff did not allege any day where all three accessible bathrooms were inoperable. The fact that one or two of the bathrooms might be out of order at different times over the course of a year, while inconvenient, does not present an actual, imminent threat of extreme or very serious damage.

The evidence presented by plaintiff also does not establish that extreme or serious damage would result without the ramps and lifts that plaintiff has requested. The only specific allegation that

3

plaintiff makes as to the damage caused to him by this lack of ramps and lifts is his inability to observe a single trial on August 16, 2017. As defendants note, plaintiff has otherwise been provided full access to an ADA-accessible courtroom when he practices in the courthouse. The record thus falls short of the clear showing of extreme and serious damage that is required.

**II.**

Plaintiff has also not established a clear likelihood of success on the merits. To establish an ADA or RA violation, plaintiff must establish: (1) that he was a qualified individual with a disability; (2) that the defendants are subject to the Acts they are alleged to have violated; and (3) that he was "denied the opportunity to participate in or benefit from the defendant[s'] services, programs, or activities, or was otherwise discriminated against by the defendant[s] because of his disability." *Disabled in Action v. Bd. of Elections*, 752 F.3d 189, 196-97 (2d Cir. 2014) (quoting *McElwee v. Cnty. of Orange*, 700 F.3d 635, 640 (2d Cir. 2012)).

Because plaintiff has not established that he was denied access to all available bathrooms at any given time, the availability of one or more functioning accessible bathrooms could qualify under the ADA as an "alternate accessible" bathroom, 28 CFR §35.150(b)(1). Because defendants can avoid liability under the ADA by providing alternate accessible accommodations, defendant has failed to establish a clear likelihood of success on the merits.

Relatedly, plaintiff has not established a clear likelihood of success on the merits with regard to his claim for construction and installation of ramps and stair lifts. His motion papers did not acknowledge the accommodations defendants had previously provided and are currently willing to provide, including the use of alternate accessible and fully ADA-compliant courtrooms in the very same courthouse.

**III.**

Plaintiff also argues that he was entitled to a hearing to resolve factual disputes. That argument is unavailing, however, as there were no facts in dispute as to plaintiff's access to the courthouse. Rather, the District Court accepted plaintiff's allegations as true for the purposes of the motion before it. *See In re Rationis Enters., Inc. of Panama*, 261 F.3d 264, 269 (2d Cir. 2001) ("On a motion for an injunction, '[w]here … essential facts are in dispute, there must be a hearing and appropriate findings of fact must be made,'" (quoting *Visual Scis., Inc. v. Integrated Commc'ns Inc.*, 660 F.2d 56, 58 (2d Cir. 1981))).

4

**CONCLUSION**

We have considered plaintiff's remaining arguments and find them to be without merit.[1] Accordingly, we **AFFIRM** the order of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[1] Our decision on this appeal of a denial of a preliminary injunction does not, of course, reflect a view about what the ultimate merits of plaintiff's suit will prove to be after a more complete development of the factual record.